

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1380-13

### RAMON PEREZ, Appellant

### V.

### THE STATE OF TEXAS

*/0-/1-253-cR*

### ON THE APPELLANT'S PETITION
### FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS,
### MCLENNAN COUNTY

Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Meyers, Price, Johnson, Hervey, Cochran, and Alcala, JJ., joined. Keasler, J., concurred in the judgment.

The appellant, Ramon Perez, was convicted of three counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. He was sentenced to life in prison for each of the three aggravated counts and twenty years in prison and a $10,000 fine for each

count of indecency. All sentences were to run consecutively. The Tenth Court of Appeals affirmed his sentence.[1]

Here, the appellant raises two issues: 1) whether the indictment was properly amended from its original eleven counts to five (of which he was convicted), and 2) whether the trial court committed reversible error by not granting the appellant a hearing on his motion for new trial. Finding no error, we affirm the judgment of the Court of Appeals.

Amended Indictment

a. Background

The appellant was originally charged in an eleven-count indictment with four counts of indecency with a child and seven counts of aggravated sexual assault. The day before trial, the State filed a motion asking the trial court to amend the indictment by replacing the existing eleven counts with the five counts in an attached exhibit. The motion also stated, "The Defendant, by and through his attorney of record, has been notified that the State is seeking amendment of the indictment, agrees to the amendment and waives ten (10) days notice to prepare for trial ...." The State's motion was signed by the appellant and his trial attorney as "Agreed."

The trial court held a hearing on this motion. The State explained that it was abandoning several counts and reorganizing those remaining so they would be in order of severity. The appellant's trial counsel stated that he had no objections to the amendments and that they were waiving the statutorily-allowed extra time.

---

[1] *Perez v. State*, No. 10-11-00253-CR, 2013 Tex. App. LEXIS 8914 (Tex. App. – Waco July 18, 2013).

Despite counsel's assurances, the trial court then swore in the appellant. The following exchange occurred:

| | |
|---|---|
| The Court: | Mr. Perez, you understand completely what the State is asking to be done and that you are agreeing what they are asking to be done. [Sic.] Is that correct? |
| The Defendant: | Yes, sir. |
| The Court: | You have had adequate time to consult with your attorney about this motion to amend the indictment? |
| The Defendant: | No, sir. |
| The Court: | You've not had adequate time? |
| The Defendant: | Oh, yes, sir. |
| The Court: | Do you understand what I'm asking you? |
| The Defendant: | Yes, sir. |
| The Court: | You're waiving the time requirements for amending the indictment. This matter is set, actually, for jury trial tomorrow. There is one case ahead of you. There is always a possibility it might go to trial tomorrow. Do you understand that, Mr. Perez? |
| The Defendant: | Yes, sir. |
| The Court: | When the State files a motion to amend an indictment, you're entitled to additional time to prepare for trial. You are telling me, by agreeing to all of this, that you're giving up that right to have the additional time. Is that correct? |
| The Defendant: | Yes, sir. |
| ... | |
| The Court: | All right. The motion to amend the indictment is granted. |

Then the method of amendment was discussed on the record:

| | |
|---|---|
| The Court: | Normally when we amend the indictment, it's usually just a case of interlineation and the Court writing on the indictment the changes. Since this is an entire page, how do you-all suggest we do that? |
| The State: | Judge, in my experience, that simply goes with the record and you don't have to actually copy and cut and paste, but we can certainly make a copy of it and paste it on top of the original indictment, if you want us to. |
| The Court: | I don't see any reason to do that. |
| Defense Counsel: | I don't either, Your Honor. I would think the document would speak for itself, what is in the file. |

| The State: | I think at the point we get to the reading of the indictment in front of the jury, we can just read the very beginning part and then just flip back to the replacement page. |
| The Court: | I agree. |

The appellant was convicted on all five counts. On appeal, he objected (for the first time) to the indictment's amendment. He argues that the indictment was not properly amended because there was no physical alteration (interlineation) to the actual face of the indictment.

b. Law

Under the Texas Constitution, a defendant has the right to be charged by indictment for felony offenses.[2] Indictment by grand jury protects citizens from arbitrary accusations by the government, and an indictment provides a defendant with notice of the offense charged so that he may prepare a defense.[3] However, the right to indictment is not absolute. A defendant who is represented by counsel may waive indictment either in open court or in writing.[4]

This case primarily turns on how the State may amend an indictment without returning to the grand jury. Article 28.10 of the Code of Criminal Procedure addresses this issue. "After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the trial on the merits commences."[5] The article continues, "An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or

---

[2] TEX. CONST. art. I §10; see also *Riney v. State,* 28 S.W.3d 561, 564 (Tex. Cr. App. 2000).

[3] *Riney,* 28 S.W.3d at 565; *Garcia v. State,* 981 S.W.2d 683, 685 (Tex. Cr. App. 1998); *King v. State,* 473 S.W.2d 43, 45 (Tex. Cr. App. 1971).

[4] TEX. CODE CRIM. PROC. art. 1.141.

[5] In Eastep v. State, we differentiated between substantitve amendments and non-substantive "omissions"

different offense ...."[6] As to the method of indictment, Article 28.11 says only, "All amendments of an indictment or information shall be made with the leave of the court and under its direction."

We first addressed *how* an indictment should be amended in *Ward v. State.*[7] In *Ward,* we discussed the legislative history of Articles 28.10 and 28.11. We noted that the legislators' main concern could be summarized as, "What type of substantive errors could be corrected in an indictment without thwarting the will of the grand jury or violating the accused's constitutional right to grand jury indictment in a felony case?"[8] The legislative history makes it clear that the companion amendments to the Texas Constitution and the Code of Criminal Procedure were meant to expand the abilities of courts and prosecutors to amend indictments in order to facilitate judicial efficiency without undermining a defendant's rights.[9]

After a thorough examination of the legislative history, we concluded that, "although there were references to a court or prosecutor amending a charging instrument, there was no testimony regarding the actual physical mechanics of making an amendment to a charging instrument. This lack of testimony indicates to us the legislature did *not* attach any technical or particular meaning to the term 'amend,' and thus we will not frustrate legislative intent by applying a hypertechnical interpretation to the term."[10]

---

[6] TEX. CODE CRIM. PROC. art. 28.10 (c).

[7] 829 S.W.2d 787 (Tex. Cr. App. 1992).

[8] *Id.,* at 792.

[9] *Id.,* at 791-92 ("... without that companion bill there is going to be no amendment to the substance of an indictment because it is no longer an act of the grand jury but is an act of the prosecutor or the court amending the bill. So you have this SJR 16 [the constitutional amendment] or else you are not going to be able to contemplate any change in that indictment. You can delete therefrom, you can strike surplusage, but you can never add to an indictment. And the bill contemplates adding an element of the offense when you drop one ....")

[10] *Id.,* at 792 (emphasis added).

The *Ward* court reasoned that, because of Article 28.11, when the State wishes to amend a pleading, it must first get the trial court's permission.[11] Therefore, the motion is not the amendment, but only a request. The ruling on the motion is only the court's leave to amend, and is not the amendment.[12] We stated, "Neither the motion itself nor the trial judge's granting thereof is the amendment; rather the two comprise the authorization for the eventual amendment of the charging instrument pursuant to Art. 28.10. The amendment, then, is the actual alteration of the charging instrument."[13] *Ward* explained that only physical alteration is consistent with the accused's right to be informed of the nature of the charges against them from the face of the indictment.[14]

In 2000, we reexamined this issue. In *Riney v. State,* the defendant was charged with possession of amphetamines.[15] The day before trial, the State filed a motion to amend the indictment by changing the drug possessed to methamphetamine and to lower the amount possessed. The defendant and his counsel specifically stated that they did not object. The trial court read the changes into the court record and an amended photocopy of the indictment was

---

[11] *Id.,* at 793.

[12] *Ibid.*

[13] *Ibid.*

[14] *Id.,* at 794 ("It is, of course, not sufficient to say that the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language." citing *Wilson v. State,* 520 S.W.2d 377 (Tex. Cr. App. 1975)).

[15] 28 S.W.3d 561, 563 (Tex. Cr. App. 2000).

incorporated into the clerk's file.[16] The Court of Appeals reversed Riney's conviction because the actual indictment was not interlineated as required by *Ward*.[17]

On review in this court, we reversed the Court of Appeals and affirmed the conviction. Despite recognizing the benefits of stare decisis,[18] we stated that "resolutely clinging to the notion that an amendment can be accomplished *only* by the physical interlineation of the original indictment provides a defendant with the opportunity to subvert a process of which he was fully aware and had affirmatively acknowledged." We overruled *Ward* to the extent that it required physical interlineation to be the only method of amending an indictment, and we held that proffering an amended photocopy of the indictment was also an acceptable method of amendment.

### c. Analysis

In this case, the appellant urges us to overrule the Court of Appeals's affirmation of his sentence. He alleges that, because there was no amendment to the indictment or a copy of the indictment, the attempt at amendment was ineffective. Primarily, he relies on *Ward* for the propositions that the trial court's order and the State's motion alone cannot be an amendment. The State urges us to follow the path that we began in *Riney* of moving away from *Ward's* strict holding.

---

[16] *Ibid.*

[17] *Id.*, at 564.

[18] *Id.*, at 565 ("... stare decisis should generally be followed, because it promotes judicial efficiency and consistency, it fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process"). *See also Proctor v. State*, 967 S.W.2d 840, 844-45 (Tex. Cr. App. 1998).

We are persuaded by the State. None of the dangers that *Ward* sought to prevent are present in this case. The appellant was given actual notice of the proposed amendments and very clearly stated that he had no objections. These changes did not add any new charges or alter the language of the old charges. Instead, they eliminated six counts (possibly to the benefit of the appellant) and reorganized those remaining. Such alterations do not invade the province of the grand jury because the grand jury returned a true bill on all of the charges for which the appellant was tried and ultimately convicted.

Accordingly we overrule the appellant's first ground for review and proceed to his second.

## Motion for New Trial

In his second ground for review, the appellant argues that the trial court abused its discretion by not holding a hearing on his motion for new trial. The appellant's motion alleged ineffective assistance of trial counsel and was accompanied by affidavits from himself and his trial attorney. The Court of Appeals held that the appellant had not preserved error and refused to reach the merits. We agree.

The appellant's motion contained a prayer which requested that "the trial court set this matter for a hearing, and after considering the evidence, vacate Defendant's convictions and sentences and grant Defendant a new trial." The appellant's attorney submitted an affidavit stating that he presented the motion for new trial and that the judge said he would "take a look" at the motion. The affidavit is not corroborated, nor does it say that counsel requested any type of hearing. The record contains no evidence that the appellant or his attorney took steps to obtain a setting or attempted to get a ruling on a request for a hearing. Given these facts, we agree with

the Court of Appeals that the appellant did not preserve error.[19] Boiler plate language in the prayer is not sufficient to put the court on notice that the appellant wants a hearing. It certainly does not qualify as obtaining a ruling.[20] We overrule the appellant's second ground for review.

The judgment of the Court of Appeals is affirmed.

Delivered May 14, 2014.
Publish.

---

[19] The appellant's caselaw is not on point. In *Hobbs v. State*, 298 S.W.3d 193 (Tex. Cr. App. 2009), we addressed when a hearing was necessary assuming it was properly requested and presented. The issue in this case is whether or not the request for a hearing was properly presented. Holding that it was not, we do not reach whether a hearing was required under *Hobbs*.

[20] *See Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Cr. App. 2009) (presentment must be apparent from the record); *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Cr. App. 2005) (a reviewing court should not address whether a trial court erred by not holding a hearing on a motion for new trial if a request for a hearing was not presented to the trial court); *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Cr. App. 1998) (a movant must put the court on *actual notice* of the motion for new trial).