

# IN THE
# TENTH COURT OF APPEALS

No. 10-13-00119-CR

DANNY DEMON AUSTIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court
Navarro County, Texas
Trial Court No. C34404-CR

## DISSENTING OPINION

The second issue is not, in my opinion, a question of preservation of an issue by making an objection to the indictment. Rather, it is a question of whether the indictment was properly amended. There was nothing substantively wrong with the indictment before it was amended. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005) ("If the defendant does not object to a *defect, error, or irregularity of form or substance* in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object….") (emphasis added). It simply alleged a crime the State was never going to be able to prove. Surely we are not yet at

the state of compelling the defendant to make an objection to the indictment to draw the court's attention to the fact that the State cannot possibly prove the crime for which the defendant has been indicted. What would the objection have been? And to what action of the trial court would the objection have been made? And when would the objection have been made?

It is the State's duty to make sure the defendant is indicted for a crime that the State believes is supported by the admissible evidence that can be introduced at trial. The trial court has no duty to determine if the indictment against the defendant charges a crime the State can prove.

In this instance, the indictment was simply not properly amended. This is because the only indication in the record before us that the indictment was amended was a docket notation of a ruling made at a hearing granting the motion to amend. We have been provided no reporter's record for the hearing. The hearing occurred during the absence of the defendant, although it appears his attorney was present. The attorney had a pending motion to withdraw, and when the defendant finally arrived for the hearing, that attorney was then allowed to withdraw. A written order allowing the attorney to withdraw and appointing a new attorney to represent the defendant is part of the record. A written order, or even a record of a hearing held in open court, that the indictment had been amended or what that amendment was is not part of the appellate record.

By way of comparison, the indictment had already been amended once in response to a motion by the State. In that instance, the State moved to amend the indictment to change the drug that Austin was in possession of from methamphetamine to cocaine. The full text of the indictment as amended was set out in trial court's written order granting that amendment to the indictment. It is clear this method is fully compliant with the post-*Ward* case law. *See Ward v. State*, 829 S.W.2d 787 (Tex. Crim. App. 1992); *Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000); *Perez v. State*, 429 S.W.3d 639 (Tex. Crim. App. 2014). There is no suggestion that such a procedure is inadequate to amend an indictment. But a docket entry simply noting the motion to amend the indictment is granted, *alone,* cannot be adequate.

Potentially, the defendant might have been made aware that the charges for which he was about to be tried had been amended when the "indictment" was read at the commencement of the trial and it contained the element that the drug free zone was due to the presence of a youth center rather than a school as indicted by the grand jury. If that was sufficient to put him on notice that the charge in the indictment had been amended, then possibly he should have lodged an objection to the amendment procedure or filed a motion for a continuance to allow adequate time to prepare in response to having learned that the charges upon which he was about to be tried had been changed. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10(a) (West 2006) ("On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended

indictment….").  Nevertheless, that still begs the question of whether the indictment was properly amended.  I contend it was not.

The evidence proved only that the possession was in a drug free zone by being within 1000 feet of a youth center, one way the statute is violated, and not that it was within 1000 feet of a school (which by definition includes day-care facilities), another way the statute could be violated and as alleged in the first amended indictment.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134 (West Supp. 2013).  Under *Malik* and its progeny, the State failed to meet its burden to prove the element as contained in the hypothetically correct jury charge which must be based on the first amended indictment and not upon the ineffective attempt to amend the indictment a second time.  *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

The Court pushes the minimum requirements to properly amend an indictment beyond the logical boundaries of *Ward* and the subsequent cases that have loosened, but not abandoned, the methods allowed to effectively amend the indictment.  The judgment should be reformed to convict Jones for the lesser included offense of simple possession and remanded to the trial court for a new punishment hearing.  Accordingly, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed July 31, 2014