PD-0399-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/1/2015 6:58:44 PM
Accepted 6/2/2015 4:51:29 PM
ABEL ACOSTA
CLERK

**PD-0399-15**

### COURT OF CRIMINAL APPEALS OF TEXAS

---

### MAHMOUD AFHAMI,
*Appellant,*

### vs.

### THE STATE OF TEXAS,
*Appellee.*

---

On Petition for Discretionary Review from the Fourteenth Court of Appeals in
Cause No. 14-13-01013-CR, affirming the conviction in Cause No. 1892708,
In County Criminal Court at Law Number 13 of Harris County, Texas

---

### APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

FILED IN
COURT OF CRIMINAL APPEALS

June 2, 2015

ABEL ACOSTA, CLERK

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**BOB WICOFF**
Assistant Public Defender
Harris County, Texas
TBN 21422700
1201 Franklin, 13th floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
bwicoff@pdo.hctx.net

Counsel for Appellant

i

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

Trial Court Judge:
Hon. Don Smyth
County Criminal Court No. 13
Harris County, Texas
1201 Franklin Street, 11th floor
Houston, Texas 77002

Parties to the Judgment:
Mahmoud Afhami
The State of Texas

Names and addresses of trial counsel (State):
Bryan Acklin
Travis Dunlap
Assistant District Attorneys
Harris County, Texas
1201 Franklin Street, 6th floor
Houston, Texas 77002

Name and address of trial counsel (Defense):
Jed Silverman
Attorney at Law
1221 Studewood
Houston, Texas 77008

Counsel on appeal for the State of Texas:
Melissa P. Hervey
Assistant District Attorney
Harris County, Texas
1201 Franklin Street, 6th floor
Houston, Texas 77002

Counsel on appeal for the Appellant:
Bob Wicoff
Franklin Bynum[1]
Assistant Public Defenders
Harris County, Texas
1201 Franklin Street, 13th floor
Houston, Texas 77002

---

[1] Mr. Bynum represented the Appellant at the Fourteenth Court of Appeals, as an assistant public defender, but is now in private practice. Bob Wicoff now represents the Appellant in his Petition for Discretionary Review.

i

# TABLE OF CONTENTS

PAGE

Identity of Judge, Parties and Counsel:                                          i

Table of Contents:                                                               ii

Index of Authorities:                                                            iii

Statement Regarding Oral Argument:                                               iv

Statement of the Case:                                                           iv

Statement of Procedural History:                                                 iv

Ground for Review:                                                               v

The court of appeals erred in concluding without analysis that there had been an effective abandonment of allegations in the charging instrument by the State.

Argument Under Ground for Review:                                                1

Prayer for Relief:                                                               6

Certificate of Service:                                                          7

Certificate of Compliance:                                                       7

Appendix (*Afhami v. State*):                                                    appendix

# INDEX OF AUTHORITIES

**PAGE**

**Cases**

*Afhami v. State*, No. 14-13-01013-CR, 2015 WL 1246775
(Tex. App.-Houston [14th Dist.] March 17, 2015, no pet. h.).

*Perez v. State*, 429 S.W.3d 639 (Tex. Crim. App. 2014) ......................................................... 6

**Statutes and Rules**

Tex. Penal Code Ann., sec. 22.07(a)(2) ...…….…………………………………………… iv

**Other Authority**

*George E. Dix & John M. Schmolesky,* 42 Texas Practice and Procedure........................... 8
Sec. 26.74 (3rd ed. 2011)

## STATEMENT REGARDING ORAL ARGUMENT

Appellant waives oral argument. The issue presented in this petition can be thoroughly presented through briefing by the parties.

## STATEMENT OF THE CASE

The Harris County District Attorney's Office filed a misdemeanor information on April 29, 2013, alleging that appellant committed the offense of terroristic threat. *See* Tex. Penal Code Ann., § 22.07(a)(2)(C.R. at 35). The offense was alleged to have occurred on or about March 30, 2013. On October 23, 2013, appellant pled not guilty and the case proceeded to a jury trial (4 R.R. at 5). On October 25, 2013, the jury found appellant guilty as charged in the information (6 R.R. at 99). The jury imposed a sentence of no jail time and a $3,000.00 fine (7 R.R. at 9). Appellant filed a motion for new trial on November 25, 2013, which the trial court denied on January 8, 2014 (C.R. at 78, 85).

## STATEMENT OF PROCEDURAL HISTORY

On March 17, 2015, in an unpublished memorandum opinion, the Fourteenth Court of Appeals affirmed appellant's conviction, but reformed the judgment to reflect that the jury assessed punishment in the case. *Afhami v. State*, No. 14-13-01013-CR, 2015 WL 1246775 (Tex. App.-Houston [14th Dist.] March 17, 2015, no pet. h.). This Court has extended the time to file the Appellant's Petition for Discretionary Review until June 1, 2015, which is the date that this document is being e-filed.

**GROUND FOR REVIEW**

The court of appeals erred in concluding without analysis that there had been an effective abandonment of allegations in the charging instrument by the State.

## A.     The pleading, the jury charge, and the charge conference

The misdemeanor information in this case alleges, in relevant part, that:

> "…**MAHMOUD AFHAMI,** hereafter styled the Defendant, heretofore on or about March 30, 3013, did then and there unlawfully threaten to commit an offense involving violence, namely AGGRAVATED ASSAULT WITH A DEADLY WEAPON upon a member of the Defendant's family, namely, FERDOUS ABDOLLAHZADEH, HEREINAFTER CALLED THE COMPLAINANT with the intent to place the Complainant in fear of imminent serious bodily injury." (C.R. at 35).

The application paragraph of the court's charge stated as follows:

> "Now, therefore, if you find from the evidence beyond a reasonable doubt that the defendant, MAHMOUD AFHAMI, on or about March 30, 2013, in Harris County, Texas, did then and there unlawfully threaten to commit an offense involving violence, namely, assault upon a member of the defendant's family, namely, FERDOUS ABDOLLAHZADEH, hereinafter called the Complainant, with the intent to place the Complainant in fear of serious bodily injury, then you will find the defendant guilty." (C.R. at 50).

From the above, it is clear that what was alleged in the charging instrument, *viz.*, a threat to commit aggravated assault with a deadly weapon, was not what the jury was later authorized to convict upon, which was simply a threat to commit an assault.

At the charge conference, the defense complained about the lesser burden that had been embodied in the charge, arguing that "(the jury charge is) broadening the State's ability to prove the case; and it's a variance from the complaint…or from the Information." (6 R.R. at 53). The trial court replied that the charge was "extremely awkwardly pled." (6 R.R. at 53). At this point the prosecutor asked the trial court if it

would consider "the abandonment of the aggravated assault with a deadly weapon and just leave it at assault" (6 R.R. at 54). Initially, the trial court refused (6 R.R. at 54). The State persisted in moving to abandon the allegation of an aggravated assault and the requirement that they prove a deadly weapon. The defense argued that the State had "made a specific tactical decision" in charging the case with the allegation that the appellant had threatened aggravated assault with a deadly weapon (6 R.R. 60-63).

The trial court, stating that "the State was probably a little overzealous in drafting this pleading," then changed its mind and ostensibly allowed the State to strike the "deadly weapon" and "aggravated assault" requirements in the charge, with the result that the State was only required to prove that the Appellant threatened an "assault" (6 R.R. at 65-66).

## B. The opinion of the Fourteenth Court of Appeals

The court of appeals addressed the Appellant's complaint as follows:

"In his first issue, appellant's sole complaint is that the jury charge permitted conviction for an offense that was not authorized by the information because the offense submitted in the charge differed from the offense alleged in the information.
As appellant asserts, the information as originally written alleged the threatened "offense involving violence" was aggravated assault with a deadly weapon whereas the application paragraph of the charge required the jury to find the threatened "offense involving violence" was merely assault. However, appellant ignores that, before submission of the case to the jury, the trial court permitted the State to abandon the aggravated-assault-with-a-deadly-weapon language in the information and include only the assault language. Thus, the jury charge mirrored the information as it existed at the time the charge was submitted. On appeal, appellant does not contend the trial court's action in allowing the

abandonment was error. Accordingly, we overrule his first issue." *Slip opinion*, at page 5.

## C. Argument under grounds for review

The Fourteenth Court of Appeals did not reach appellant's complaint about the variance between what was pled in the charging instrument and what was set out in the charge, because, as the court wrote: "…appellant ignores that, before submission of the case to the jury, the trial court permitted the State to abandon the aggravated-assault-with-a-deadly-weapon language in the information and include only the assault language. Thus, the jury charge mirrored the information as it existed at the time the charge was submitted." *Slip Opinion*, at page 5.

As for the suggestion that the jury charge "mirrored the information as it existed at the time the charge was submitted," there is no written amended charging instrument in the record, nor is there any charging instrument reflecting abandonment of matters from the original charging instrument. Appellant asks this Court to locate the document constituting "the information as it existed at the time the charge was submitted." Were aspects of the original charging instrument abandoned, or was there really an amendment? In either case, can the State accomplish changes it wants in a charging instrument by oral pronouncement, or must there be more?

As one authority has pointed out with respect to the mechanics of amending a charging instrument:

> "In *Perez v. State*, 429 S.W.3d 639 (Tex. Crim. App. 2014), the State filed a motion to amend the original 11-count indictment by replacing all 11

counts with five counts set out in an exhibit attached to the motion. The trial court ordered the motion granted but no changes were made in the original indictment itself. Under *Riney*, the Court of Criminal Appeals held, this was an effective amendment of the indictment.

*Perez* leaves somewhat unclear what limits Texas law puts on the mechanics of amending a charging instrument. The case itself seems to turn on the court's perception that there was no meaningful difference between the procedure found acceptable in *Riney* and that used in *Perez*. If the State's motion and attachments in *Perez* included the language of the original indictment, this was not mentioned or relied upon by the court.

Perhaps after *Perez*, the bottom line is that the procedure must be such as assures that the court's file—including the original indictment, the State's motion to amend and any attachments, and the order granting the motion—makes readily available to the accused the language of the charges against which he will have to defend at trial. Even if the State's motion did not include the language of the original indictment, the court's file would include the original document and the motion and order made reasonably clear and obvious to the defendant the effective allegations on which the trial would be held."

Dix and Schmolesky, 42 Tex. Prac., Criminal Practice and Procedure, sec. 26:74 (3d ed.).

The chief difference between the instant case and *Perez*, where amendment was deemed effective, is that the appellant in *Perez* had no objections and the amendment benefitted Perez. In this case, Appellant was harmed by the State's abandonment, which may in fact have constituted an amendment. The State's action in the instant case, which led to the more expansive language in the charge, obviously made the case easier to prove.

Where the court of appeals simply assumes that matters were "abandoned" in the charging instrument, it has made the State's argument for them. As to whether matters in the charging instrument were "abandoned," or the instrument was in fact "amended," no new charging instrument appears in the record, either as an exhibit to a State's motion, or as a stand-alone, redacted document.

The bottom line is that there was only one, original charging instrument and a jury charge that contained a less onerous burden for the State.

In the face of the record containing no altered charging instrument, it should have been the State's burden to argue on appeal that a proper amendment of that charging instrument, or an abandonment, was accomplished, so that there was no variance between what was pled in the (new) charging instrument and what was contained in the charge. As matters stood on appeal, there was still only one charging instrument and that was the original one.

The court of appeals' assumption that an effective alteration of the charging instrument had occurred, either through abandonment or amendment, without a new or altered document appearing anywhere in the record, placed a burden on appellant that was not his to shoulder. Appellant's argument assumed, properly, that without a new or altered charging instrument appearing in the record, the jury charge that was submitted was erroneous.

This Court should either remand the case to the court of appeals so that the court of appeals may determine whether the charging instrument was in fact amended,

or if instead certain components of the charge merely abandoned, and whether, in either case, the procedure whereby the trial court conducted such change was proper.

## PRAYER FOR RELIEF

For the reasons stated above, the Appellant moves that this Court grant his petition and reverse the judgment of conviction in this case, and remand the case for a new trial, or in the alternative, remand the case to the court of appeals so that it may consider the merits of appellant's argument as to his first issue on appeal to that court.

Respectfully submitted,

**Alexander Bunin**
Chief Public Defender
Harris County Texas


/s/ Bob Wicoff
**Bob Wicoff**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th floor
Houston Texas 77002
(713) 274-6781
TBA No. 21422700

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, a copy of the foregoing petition has been served electronically on Alan Curry, who is the chief of the appellate division of the Harris County District Attorney's Office, through the efile system, and on the State Prosecuting Attorney.

/s/ Bob Wicoff

## CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitations of Tex. R. App. Proc. 9.4(e) and 9.4(i). It contains **1,761** words printed in a proportionally spaced typeface using Garamond 14 point font.

/s/ Bob Wicoff

# A P P E N D I X

**Opinion in *Afhami v. State*, No. 14-13-01013-CR,
2015 WL 1246775 (Tex. App.-Houston [14th Dist.] March 17, 2015, no pet. h.)**

2015 WL 1246775
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION
AND SIGNING OF OPINIONS.

MEMORANDUM OPINION
DO NOT PUBLISH—TEX. R. APP. P. 47.2(B).
Court of Appeals of Texas,
Houston (14th Dist.

Mahmoud **Afhami**, Appellant
v.
The State of Texas, Appellee

NO. 14–13–01013–CR | Opinion filed March 17,
2015

On Appeal from the County Criminal Court at Law No.
13, Harris County, Texas, Trial Court Cause No. 1892708

**Attorneys and Law Firms**

Devon Anderson, Alan Curry, Melissa Hervey, for The
State of Texas.

Franklin Gordon Bynum, for Mahmoud **Afhami**.

Panel consists of Justices Boyce, Jamison, and Donovan.

**MEMORANDUM OPINION**

John Donovan, Justice

**\*1** Appellant, Mahmoud **Afhami**, was charged by
information with the Class A misdemeanor offense of
terroristic threat against a member of appellant's family.
A jury found appellant guilty and assessed punishment at
a fine of $3,000. In three issues, appellant contends (1)
the jury charge allowed conviction for an offense not
authorized by the information, (2) the jury charge did not
state a proper offense, and (3) the evidence is insufficient
to support the conviction. The State presents a cross-
point, asserting the judgment incorrectly reflects that the
trial court assessed punishment. We reform the judgment
to reflect that the jury assessed punishment and affirm as
reformed.

**I. BACKGROUND**

We will first consider appellant's third issue, challenging
the sufficiency of the evidence to support his conviction.
When reviewing the sufficiency of the evidence, we view
all evidence in the light most favorable to the verdict and
determine, based on that evidence and any reasonable
inferences therefrom, whether any rational fact finder
could have found the elements of the offense beyond a
reasonable doubt. *Gear v. State,* 340 S.W.3d 743, 746
(Tex.Crim.App.2011). This standard gives full play to the
responsibility of the trier of fact fairly to resolve conflicts
in the testimony, weigh the evidence, and draw reasonable
inferences from basic facts to ultimate facts. *Id.*

A person commits the offense of "terroristic threat" if "he
threatens to commit any offense involving violence to any
person or property with intent to ... place any person in
fear of imminent serious bodily injury." Tex. Penal Code
Ann. § 22.07(a)(2) (West, Westlaw through 2013 3d
C.S.). The offense is a Class A misdemeanor if
"committed against a member of the person's family or
household or otherwise constitutes family violence." *Id.* §
22.07(c)(1) (West, Westlaw through 2013 3d C.S.). Intent
relative to the offense can be inferred from the acts,
words, and conduct of the accused. *Dues v. State,* 634
S.W.2d 304, 305 (Tex.Crim.App.1982). It is immaterial
whether the victim or anyone else was actually placed in
fear of imminent serious bodily injury or whether the
accused had the capability or intention to carry out his
threat. *Id.* at 305–06. All that is necessary is that the
accused by his threat sought as a desired reaction to place
a person in fear of imminent serious bodily injury. *Id.* at
306.

In this case, the information (as it existed when the jury
charge was submitted) more specifically alleged that, on
March 30, 2013, appellant threatened to commit "an
offense involving violence, namely assault" against his
wife "with the intent to place [her] in fear of imminent
serious bodily injury." Under a hypothetically correct jury
charge, the method of committing assault that would
equate to an "offense involving violence" is "intentionally
[or] knowingly ... caus[ing] bodily injury to another...."
*See* Tex. Penal Code Ann. § 22.01(a)(1) (West, Westlaw
through 2013 3d C.S.); *see also Malik v. State,* 953
S.W.2d 234, 240 (Tex.Crim.App.1997) (holding
sufficiency of the evidence should be measured by

elements of the offense as defined by hypothetically correct jury charge, which is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried).[1]

**\*2** At trial, complainant and another woman, who was complainant's friend and co-worker, collectively gave the following testimony. On March 30, 2013, they were employed at a department store. After their shift ended that evening, they sat visiting in the friend's car in the store parking lot. Appellant parked his vehicle nearby. He was wearing a wig and sunglasses although it was already dark. Complainant told her friend to stay in the car and complainant would find out why appellant was there. Appellant yelled and cursed at complainant and ran towards her. Appellant called complainant "bitch" and "whore" and accused complainant and her friend of prostituting themselves. Appellant shook his index finger several times at complainant, which motion in the customs of their nationality (Iranian) means a person intends to harm another. Complainant was frightened because appellant had previously threatened to appear in disguise at her job and kill her. Specifically, during the two-week period before the incident, appellant had made multiple threats to kill complainant with a knife or gun or by splashing acid on her face. Earlier on the day of the incident, appellant phoned complainant, threatening to kill her and accusing her of not being at work. In the parking lot that night, appellant yelled that he had come to make good on his threats and more specifically threatened to kill complainant by throwing acid on her. Mall security intervened, and the police were called.

Additionally, an officer who interviewed complainant and the friend shortly after the incident testified they were frightened and a threat involving a gun was mentioned.

The State also presented a cell phone video of a brief portion of the incident, showing appellant remove a wig and aggressively approach complainant's friend, who had exited the car at some point.

Appellant presented testimony from his brother's wife. She relayed that appellant was upset with complainant during the period before the incident because she had been socializing during late hours with the friend and appellant also suspected complainant of infidelity. Appellant presented this testimony to support his defense by suggesting he merely confronted complainant in the parking lot because he was "heartbroken." However, this testimony also constituted evidence of the intent element

of the charged offense by showing appellant's state of mind at the time of the incident.

Based on the above testimony, the jury could have found beyond a reasonable doubt that, on March 30, 2013, appellant threatened to intentionally cause bodily injury to complainant because he threatened to kill her. Further, based on appellant's state of mind and conduct before and at the time of the incident, the jury could have found beyond a reasonable doubt that appellant made the threat with intent to place complainant in fear of imminent serious bodily injury. According, the evidence is sufficient to support the conviction. We overrule appellant's third issue.

## II. JURY–CHARGE ISSUES

We next consider appellant's complaints regarding the jury charge.

### A. Contention that conviction not authorized by the information

In his first issue, appellant's sole complaint is that the jury charge permitted conviction for an offense that was not authorized by the information because the offense submitted in the charge differed from the offense alleged in the information.

As appellant asserts, the information as originally written alleged the threatened "offense involving violence" was aggravated assault with a deadly weapon whereas the application paragraph of the charge required the jury to find the threatened "offense involving violence" was merely assault. However, appellant ignores that, before submission of the case to the jury, the trial court permitted the State to abandon the aggravated-assault-with-a-deadly-weapon language in the information and include only the assault language. Thus, the jury charge mirrored the information as it existed at the time the charge was submitted. On appeal, appellant does not contend the trial court's action in allowing the abandonment was error. Accordingly, we overrule his first issue.

### B. Claim that charge did not state a proper offense

In his second issue, appellant contends that for two reasons, the jury charge did not state a proper offense.

The focus of appellant's first complaint is the definition

of assault submitted in the charge. The trial court is required to deliver to the jury "a written charge distinctly setting forth the law applicable to the case." Tex.Code Crim. Proc. Ann. art. 36.14 (West, Westlaw through 2013 3d C.S.). A statutorily defined word or phrase must be included in the charge as part of "the law applicable to the case." *Arline v. State,* 721 S.W.2d 348, 352 n.4 (Tex.Crim.App.1986).

**\*3** The application paragraph of the charge required the jury to find, *inter alia,* that appellant "threaten[ed] to commit an offense involving violence, namely, assault" upon complainant. Under the Penal Code, there are alternative methods of committing assault, including (1) assault by causing bodily injury, or (2) assault by threatening imminent bodily injury. *See* Tex. Penal Code Ann. § 22.01(a)(1), (2) (West, Westlaw through 2013 3d C.S.). The jury charge defined "assault" solely as follows: "a person commits an assault if the person intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse." Thus, the charge defined assault solely as the assault-by-threat method. *See id.* But, the charged offense of terroristic threat, as submitted in the application paragraph, already had a threat component: a "threat[ ] to commit ... assault." Consequently, as appellant asserts, a literal reading of the application paragraph together with the definition of assault incorrectly suggested appellant committed the charged offense if he threatened to make a threat. Accordingly, the assault-by-threat method was not the correct definition of assault to include in this particular charge. The correct definition would have been the assault-by-causing-bodily-injury method; i.e, requiring the jury to find that appellant committed the charged offense by threatening to cause bodily injury.

However, appellant failed to timely object in the trial court on the ground presented on appeal. Although appellant made several objections to the charge before it was read to the jury, he did not challenge the definition of assault. *See* Tex.Code Crim. Proc. Ann. art. 36.14. Unobjected-to charge error requires reversal only if it was "fundamental"—error that was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Barrios v. State,* 283 S.W.3d 348, 350 (Tex.Crim.App.2009). Egregiously harmful errors "are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor v. State,* 332 S.W.3d 483, 490 (Tex.Crim.App.2011). Egregious harm is determined on a case-by-case basis and is a difficult standard to prove. *Id. at* 489. In analyzing harm, we consider (1) the entire charge, (2) the state of the

evidence, including contested issues and the weight of the probative evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole. *Id.* Considering the pertinent factors, we conclude appellant did not suffer egregious harm from the inapplicable definition of assault.

The entire charge made clear that the jury must find appellant threatened to cause imminent bodily injury—not that he threatened to make such a threat. As appellant asserts, the latter scenario is nonsensical. Appellant makes that assertion to support his argument, but it actually negates egregious harm and demonstrates the jury understood the proper element of the offense. *See Gelinas v. State,* 398 S.W.3d 703, 707 (Tex.Crim.App.2013) (plurality op.) (recognizing that inquiry relative to the egregious-harm test may involve discerning whether jury was misled and considering whether "the very clarity of the error ... may have mitigated any resulting harm").

Specifically, from the application paragraph—requiring that appellant "threaten[ed] to commit an offense involving violence, namely, assault"—the jury was informed it must find a threat to commit an actual act of violence, rather than the nonsensical scenario of a threat to make a threat. Thus, although assault was incorrectly defined as the assault-by-threat method, the jury equated the "threat" component of that definition to the "threat" component of the charged offense. Instead of believing there was some nonsensical requirement of a double threat, the jury understood it must find appellant threatened imminent bodily injury.[2] Our conclusion is supported by the closing arguments; both the prosecutor and appellant's counsel informed the jury it must find that appellant threatened imminent bodily injury. *See id.* at 710 (finding no egregious harm from improper statement of law in jury charge where common sense, the correct portion of the charge, and closing arguments of both prosecutor and defense attorney likely alerted the jury to the error and allowed it to properly apply the law).

**\*4** Moreover, the jury heard ample evidence that appellant threatened to commit assault under the applicable definition that should have been submitted. As discussed above, the State proved appellant threatened to cause bodily injury to complainant because it proved appellant threatened to kill her at the time of the incident. Accordingly, the strength of the evidence supports that appellant did not suffer egregious harm from the inapplicable definition of assault submitted in the charge.

Next, appellant complains that the jury charge was erroneous because the requirement that he threatened to cause "imminent bodily injury" was inconsistent with the

requirement that he intended to place complainant in fear of "imminent **serious** bodily injury." (emphasis added). We disagree. The requirements for these two different elements comported with the statutory definition of the offense.

The conduct element of the offense generally requires a threat to commit "any offense involving violence to any person or property...." *See* Tex. Penal Code Ann. § 22.07(a). Axiomatically, not every "offense involving violence to ... person or property" would necessarily rise to the level of causing "imminent **serious** bodily injury." In this case, the charge required the jury to find that the threatened "offense involving violence" was, more specifically, assault, which did not require "imminent **serious** bodily injury." However, because the threatened "offense involving violence" need not be one that would cause "imminent **serious** bodily injury," the conduct element as submitted in the charge comported with the statute. *See id.*

Then, as applicable to this case, the statute does require for the intent element that the threat be made "with intent to ... place any person in fear of imminent **serious** bodily injury." *See id.* § 22.07(a)(2) (emphasis added). Thus, the intent element in the charge also comported with the

statute by requiring the jury to find that appellant made the above threat with intent to place complainant "in fear of imminent **serious** bodily injury." *See id.*

In summary, having rejected both of appellant's challenges to the jury charge, we overrule his second issue.

### III. THE STATE'S CROSS–POINT

Finally, as the State asserts by cross-point, the judgment incorrectly reflects that the trial court assessed punishment when the jury assessed punishment. We have the authority to reform a judgment "to make the record speak the truth." *See* Tex.R.App. P 43.2(b); *French v. State,* 830 S.W.2d 607, 609 (Tex.Crim.App.1992). Accordingly, we sustain the cross-point.

We reform the judgment to reflect that the jury assessed punishment and affirm as reformed.

Footnotes

1    As later discussed with respect to appellant's second issue, he contends, and we agree, that the method of assault defined in the jury charge was inapplicable. However, relative to the present issue, we will measure sufficiency of the evidence against a hypothetically correct charge. *See Malik,* 953 S.W.2d at 240.

2    We note that the assault-by-threat definition incorrectly submitted in the jury charge requires a threat of **imminent** bodily injury. *See* Tex. Penal Code Ann. § 22.01(a)(2). However, the charged offense of terroristic threat does not require that the actor threatened to commit an **imminent** offense involving violence. *See id.* § 22.07(a). As discussed above, we conclude that, despite the incorrect definition of "assault," the jury recognized it must find appellant threatened to cause bodily injury, rather than a threat to make a threat. However, the jury might still have thought, based on the incorrect definition of "assault," that it must find appellant threatened to cause **imminent** bodily injury. Regardless, any such perception of the element of the offense did not cause egregious harm because it merely increased the State's burden of proof. Accordingly, we will refer to the charge as requiring a threat to cause **imminent** bodily injury.

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.