

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00119-CR

**DANNY DEMON AUSTIN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court
Navarro County, Texas
Trial Court No. C34404-CR**

## MEMORANDUM OPINION

Appellant, Danny Demon Austin, was convicted of unlawful possession of a controlled substance in an amount less than one gram in a drug-free zone and was sentenced to a sixteen-year prison term in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (West Supp. 2014). On original submission, this Court affirmed the judgment of the trial court. *See generally Austin v. State*, No. 10-13-00119-CR, 2014 Tex. App. LEXIS 8318 (Tex. App.—Waco July 31, 2014), *rev'd*, No. PD-1431-14 (Tex. Crim. App. Mar. 18, 2015). The Court of

Criminal Appeals reversed this Court's decision and remanded for a consideration of the sufficiency of the evidence supporting appellant's conviction and, as a threshold matter, whether the second indictment was successfully amended in this case. *Austin v. State*, No. PD-1431-14 (Tex. Crim. App. Mar. 18, 2015). Because we conclude that the second indictment was properly amended and that the evidence supporting appellant's conviction is sufficient, we affirm the judgment of the trial court.

## I. THE INDICTMENTS

On original submission and in the Court of Criminal Appeals, appellant contended that the evidence supporting his conviction is insufficient because the second indictment was not properly amended to reflect that appellant possessed methamphetamine within 1,000 feet of the "Boys & Girls Club of Navarro County," and because the State did not present any evidence indicating that appellant possessed methamphetamine within 1,000 feet of the Little Angels Daycare. *See Austin*, 2014 Tex. App. LEXIS 8318, at **11-12. Appellant emphasized that the record does not sufficiently demonstrate that the indictment was properly amended; and as such, the original indictment did not provide accurate information regarding the charges against him, as required by article 1, section 10 of the Texas Constitution. *See* TEX. CONST. art. 1, § 10. In essence, the threshold question before this Court is whether the second indictment, which referenced the "Boys & Girls Club of Navarro County," successfully amended the prior indictment, which referenced the Little Angels Daycare.

### A.  Amending an Indictment

Under the Texas Constitution, a defendant has the right to be charged by indictment for felony offenses.  *Id.; see Riney v. State*, 28 S.W.3d 561, 564 (Tex. Crim. App. 2000).  Article 28.10 of the Code of Criminal Procedure states that:  "After notice to the defendant, a matter of form or substance in an indictment may be amended at any time before the trial on the merits commences."  TEX. CODE CRIM. PROC. ANN. art. 28.10(a) (West 2006).  The article further notes:  "An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced."  *Id.* art. 28.10(c).  With regard to the method of amendment, article 28.11 provides that:  "All amendments of an indictment or information shall be made with the leave of the court and under its direction."  *Id.* art. 28.11 (West 2006).

### B.  *Ward v. State*

In *Ward*, the Court of Criminal Appeals addressed how an indictment should be amended.  *See generally* 829 S.W.2d 787 (Tex. Crim. App. 1992).  The *Ward* Court reasoned that, pursuant to article 28.11, when the State wishes to amend a pleading, it must get the trial court's permission.  *See id.* at 793 (citing TEX. CODE CRIM. PROC. ANN. art. 28.11).  Accordingly, the motion is but only a request, not an amendment.  *See Perez v. State*, 429 S.W.3d 639, 642 (Tex. Crim. App. 2014).  Moreover, "[t]he ruling on the motion is only the court's leave to amend, and is not the amendment."  *Id.* (citing *Ward*, 829 S.W.2d at 793).  Ultimately, the *Ward* Court held that the amendment is the actual alteration of the

charging instrument and that the physical alteration of the charging instrument is consistent with the accused's right to be informed of the nature of the charges against him from the face of the indictment. *Id.* (citing *Ward*, 829 S.W.2d at 793-94).

## C.     *Riney v. State*

In 2000, the Court of Criminal Appeals reexamined its holding in *Ward*. *See Riney*, 28 S.W.3d at 563. The *Riney* Court stated that "resolutely clinging to the notion that an amendment can be accomplished only be the physical interlineation of the original indictment provides a defendant with the opportunity to subvert a process of which he was fully aware and had affirmatively acknowledged." *Id.* at 565. Essentially, the *Riney* Court overruled *Ward* to the extent that *Ward* required physical interlineation to be the only method of amending an indictment. *Id.* at 566. Instead, the Court of Criminal Appeals determined that the proffering of an amended photocopy of the indictment was an acceptable method of amending an indictment. *Id.*

## D.     *Perez v. State*

The Court of Criminal Appeals revisited this issue in 2014 with *Perez*. *See generally* 429 S.W.3d at 639. In *Perez*, the appellant was originally charged in an eleven-count indictment. *Id.* at 640. On the day before trial, the State moved to amend the indictment by replacing the existing eleven counts with five counts. *Id.* Included in the motion was the following statement: "The Defendant, by and through his attorney of record, has been notified that the State is seeking amendment of the indictment, agrees to the amendment and waives ten (10) days['] notice to prepare for trial . . . ." *Id.* The motion was signed by appellant and his attorney as "Agreed." *Id.* At the hearing on the motion, appellant's

trial counsel stated that he had no objections to the amendments and announced that they were waiving the statutorily-allowed extra time. *Id.* Despite counsel's statements, the trial court swore in and took testimony from appellant, wherein he indicated his agreement with the motion. *Id.* at 640-41. With regard to the method of amendment, the parties had a discussion, which culminated in the trial court stating that: "I think at the point we get to the reading of the indictment in front of the jury, we can just read the very beginning part and then just flip back to the replacement page." *Id.* at 641.

On appeal, Perez objected for the first time to the indictment's amendment. *Id.* Specifically, he argued that the indictment was not properly amended because there was no physical alteration or interlineation on the actual face of the indictment, and because there was no copy of the indictment. *Id.* at 641, 643. Perez urged the Court of Criminal Appeals to retreat from *Riney* back to *Ward*'s strict holding. *Id.* at 643. In declining to do so, the *Perez* Court concluded,

> We are persuaded by the State. None of the dangers that *Ward* sought to prevent are present in this case. The appellant was given actual notice of the proposed amendments and very clearly stated that he had no objections. These charges did not add any new charges or alter the language of the old charges. Instead, they eliminated six counts (possibly to the benefit of the appellant) and reorganized those remaining. Such alterations do not invade the province of the grand jury because the grand jury returned a true bill on all of the charges for which the appellant was tried and ultimately convicted.

*Id.*

## E.      Discussion

Here, the State charged appellant with unlawful possession of a controlled substance in an amount less than one gram in a drug-free zone. *See Austin*, 2014 Tex.

App. LEXIS 8318, at **2-3. However, the initial indictment alleged that appellant unlawfully possessed cocaine in an amount less than one gram and within 1,000 feet of the Little Angels Daycare located at 219 North 5th Street in Corsicana, Texas. *Id.* at **2-3. On June 29, 2012, the State filed a motion to amend the indictment to reflect that the controlled substance in question was methamphetamine, not cocaine. *Id.* at *3. The trial court granted this motion to amend the indictment. *Id.*

Subsequently, on November 27, 2012, the State filed a second motion to amend the indictment to reflect that the offense was committed within 1,000 feet of the "Boys & Girls Club of Navarro County, located at 1000 G.W. Jackson Ave.," rather than the Little Angels Daycare. *Id.* This motion and the accompanying proposed amended indictment were served on appellant's counsel on November 27, 2012. Thereafter, on December 12, 2012, the trial court conducted a hearing on the State's second motion to amend the indictment. Though not included in the record on original submission, the reporter's record of the hearing indicates that the trial court granted the State's second motion to amend over appellant's objection.[1] Additionally, as we noted on original submission, the docket sheet

---

[1] In response to the State's assertion on remand that a transcript of the hearing on the State's second motion to amend the indictment exists, we ordered the court reporter to produce the transcript from the hearing. For some unknown reason, this transcript was not included in the record on original submission.

In any event, the transcript from the hearing shows that appellant objected to the State's second motion to amend the indictment on the ground that the amendment would charge him with a different offense and thereby prejudiced his substantial rights. The State argued that the amendment merely shifted from the subsection addressing daycare centers to the subsection pertaining to youth centers—both of which are considered drug-free zones. *See generally* TEX. HEALTH & SAFETY CODE ANN. § 481.134 (West Supp. 2014). After the State explained that it merely sought to change the portion of the indictment relating to the location of the offense, and after affirming that the "Boys & Girls Club of Navarro County" was discussed in the offense report, the trial court granted the State's second motion to amend the indictment.

indicated that the trial court granted the State's second motion to amend the indictment. *Id.* at *12. And though "no formal amendment was made by changing the indictment itself," *see id.,* the Clerk's Record contains the State's second motion to amend the indictment, which included a copy of the amended indictment.

Based on our review of the record, we conclude that the State complied with the appropriate provisions for amending an indictment, as contained in article 28.10 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10.[2] Furthermore, similar to *Riney*, the State in this case proffered an amended photocopy of the indictment with their second motion to amend the indictment, and after a hearing in which appellant participated, the trial court granted the State's motion. *See* 28 S.W.3d at 565-66.[3] And like

---

[2] Article 28.10 of the Code of Criminal Procedure provides that:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

TEX. CODE CRIM. PROC. ANN. art. 28.10 (West 2006).

[3] The *Riney* Court specifically stated:

It is acceptable for the State to proffer, for the trial court's approval, its amended version of a photocopy of the original indictment. If approved, the amended photocopy of the original indictment need only be incorporated into the record under the direction of the court, pursuant to Article 28.11, with the knowledge and affirmative assent of the defense.

*Perez*, we are not convinced that any of the dangers that *Ward* sought to prevent are present in this case. *See* 429 S.W.3d at 643. Appellant was given actual notice of the proposed amendment, and at a hearing, appellant articulated his objection to the amendment; therefore, we reject his arguments on appeal that he did not know whether the indictment was amended and that he was not properly noticed of the extent of the amendment. Accordingly, we conclude that the indictment was properly amended for a second time in this case. *See Perez*, 429 S.W.3d at 643; *Riney*, 28 S.W.3d at 566; *Ward*, 829 S.W.2d at 793-94.

## II.     SUFFICIENCY OF THE EVIDENCE

Because we have concluded that the indictment was properly amended, we must now analyze appellant's sufficiency argument under the amended indictment, which stated that the offense occurred within 1,000 feet of the "Boys & Girls Club of Navarro County, located at 1000 G.W. Jackson Ave."

## A.     Applicable Law

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that

---

This version of the indictment would then become the "official" indictment in the case, and it would continue to state, presumably in "plain and intelligible" language, the nature and cause of the accusation. Such steps comply with all statutory requisites and faithfully preserve the functions of an indictment, i.e., the trial court retains its jurisdiction, and the defendant is still kept abreast of the charges against him/her and has adequate information to prepare an appropriate defense.

28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000).

evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not

unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

**B.     Discussion**

To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). Furthermore, to prove appellant committed this offense in a drug-free zone, the State was required to prove that the offense was committed "in, on, or within 1,000 feet of the premises of a school, the premises of a public or private youth center, or a playground . . . ." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1).

On the day in question, narcotics officers from the Navarro County Drug Task Force were assisting other officers with an incident at 113 North 4th Street in Corsicana, Texas. While at the scene, two of the narcotics officers, Sergeant Clint Andrews and Detective Garrett Harrell, observed appellant standing across the street. Both Sergeant Andrews and Detective Harrell were familiar with appellant from prior encounters. Furthermore, both Sergeant Andrews and Detective Harrell testified at trial that they knew that appellant had a warrant out for his arrest. This knowledge was based on a warrant list that was distributed at the police department and based on confirmation with dispatch.

Subsequently, Sergeant Andrews and Detective Harrell made contact with appellant. The officers confirmed appellant's arrest warrant with dispatch and notified appellant that there was a warrant out for his arrest. Thereafter, the officers arrested appellant; however, while in the process of the arrest, appellant pulled items from his pocket and attempted to give the items to his girlfriend. Among those items was a Marlboro black box of cigarettes. Sergeant Andrews intervened and seized the cigarette box. Inside the cigarette box, Sergeant Andrews located several blue baggies that resembled "narcotics baggies" with "king's crown" logos. The officers believed that one of the baggies contained methamphetamine. Subsequent testing revealed that one of the baggies contained a trace amount of methamphetamine. Additionally, the State presented witnesses who identified the "Boys & Girls Club of Navarro County" and who testified that appellant was in possession of the methamphetamine within 1,000 feet of the "Boys & Girls Club of Navarro County."

Based on the foregoing, we conclude that the record contains sufficient evidence to demonstrate that appellant knowingly exercised control, management, and care over the methamphetamine within 1,000 feet of the "Boys & Girls Club of Navarro County"—a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1); s*ee also Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2789; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13. We therefore overrule appellant's second issue on appeal.

### III. MOTION TO SUPPRESS

On remand, appellant elected to rely on his original briefing. The State, on the other hand, opted to file supplemental briefing in light of the Court of Criminal Appeals's

decision on original submission. Nevertheless, in his original brief, appellant also challenged the trial court's denial of his motion to suppress, arguing that the State cannot rely on the inventory exception to the probable-cause requirement because the State failed to produce a warrant authorizing appellant's arrest. We have already addressed this issue on original submission, and our analysis has not been challenged by appellant at the Court of Criminal Appeals or on remand. *See Austin*, 2014 Tex. App. LEXIS 8318, at **5-11. Therefore, in the interest of judicial economy, we stand on our initial analysis of this issue and, as such, overrule appellant's first issue. *See id.*

## IV.  CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 10, 2015
Do not publish
[CR25]

