**Affirm and Opinion Filed October 26, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-21-01129-CR
No. 05-21-01130-CR
No. 05-21-01131-CR
No. 05-21-01132-CR

**SYED HUMZAH HASHMI, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-33675-I, F19-35541-I, F19-35542-I, F19-35543-I**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Molberg

Appellant Syed Humzah Hashmi claims the trial court abused its discretion in failing to conduct an evidentiary hearing on a consolidated motion for new trial filed after entry of judgments convicting him of aggravated sexual assault of a child and three offenses of possession of child pornography and sentencing him to various concurrent terms of confinement in the Texas Department of Criminal Justice's Institutional Division. Based on binding case law and the record before us, we

conclude Hashmi failed to present his new trial motion to the trial court as required in order to preserve the issue for review because the record fails to show the trial court received actual notice of Hashmi's motion and request for hearing. We thus affirm the judgments in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

Hashmi pleaded guilty to and elected to have the trial court assess punishment on the four offenses with which he was charged. After punishment proceedings, the trial court entered judgments convicting Hashmi of aggravated sexual assault of a child (trial court cause number F19-33675-I) and three offenses of possession of child pornography (F19-35541-I, F19-35542-I, and F19-35543-I) and sentenced him to various concurrent terms of confinement in the Texas Department of Criminal Justice's Institutional Division. The trial court certified Hashmi's right to appeal, and Hashmi timely appealed. He also obtained new appellate counsel.

Hashmi also timely filed a motion for new trial, in which he argued his trial counsel provided him constitutionally ineffective assistance by failing to file a motion to suppress certain evidence and by failing to present meaningful mitigation evidence during punishment. Among other things, the motion included a request for hearing,[1] a fiat for the setting of a hearing, a proposed order, and an affidavit by Hashmi on the circumstances surrounding his arrest.

---

[1] In a section entitled "Request for an Evidentiary Hearing," Hashmi's counsel stated, in part: "This motion raises matters substantially outside the trial record and thus Mr. Hashmi requests an evidentiary hearing."

–2–

## ISSUE AND ANALYSIS

Hashmi presents one issue on appeal, which states:

[Hashmi] had a viable motion to suppress. The motion to suppress would not have resolved all of [Hashmi's] problems, but it would have removed the most offensive and evocative evidence and resulted in a lower sentence. Counsel did not move to suppress. [Hashmi] filed a careful motion for new trial, alleged ineffective assistance of counsel, presented the motion to the court, asked for an evidentiary hearing, and even provided [a] date when the state was unavailable. This Court is adamant that without a fully developed record—one that, in this case, could only be accomplished through an evidentiary hearing—a claim of ineffective assistance of counsel is premature. The trial court refused an evidentiary hearing. Did the trial court err?

*Standard of Review, Preservation & Presentment*

We review a trial court's denial of a hearing on an appellant's motion for new trial for an abuse of discretion and will reverse only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *See Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). A trial judge abuses his discretion by failing to hold a hearing on a new trial motion when the motion "raises matters which are not determinable from the record." *Id*.

But "[I]t is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits." *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (per curiam) (citing *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010)).

In *Rozell v. State*, 176 S.W.3d 228 (Tex. Crim. App. 2005), the court stated:

The right to a hearing on a motion for new trial is not absolute. Generally, a trial court should hold a hearing if the motion and attached

–3–

affidavit raise matters that are not determinable from the record that could entitle the accused to relief. In addition to timely filing the motion with supporting affidavits that demonstrate reasonable grounds for believing that some error has occurred, the defendant must *present* the motion to the trial court.

*Id*. at 230 (footnotes and citations omitted) (emphasis added).

Generally, a motion for new trial must be "presented" to the trial court within ten days of its filing. *See* TEX. R. APP. P. 21.6.[2] To present a motion for new trial to the trial court, a "defendant must give the trial court *actual notice* that he timely filed a motion for new trial and requests a hearing on the motion for new trial." *Rozell*, 176 S.W.3d at 230.

Presentment must be shown on the record. *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009). It can be proved by the judge's signature on the motion itself or on a proposed order; it can also be proved by an entry on the docket sheet showing presentment or setting a hearing date. *Id*. Merely filing the motion, however, does not accomplish presentment. *Stokes v. State*, 277 S.W.3d 20, 24 (Tex. Crim. App. 2009). Additionally, "[b]oiler plate language in the [motion's] prayer is not sufficient to put the court on notice that the appellant wants a hearing" and "certainly does not qualify as obtaining a ruling." *Perez v. State*, 429 S.W.3d 639, 644 (Tex. Crim. App. 2014).

---

[2] Rule 21.6 states, "The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court." TEX. R. APP. P. 21.6.

If no request for a hearing was presented to the trial court, we will not reach the question of whether the trial court abused its discretion in failing to hold a hearing on a party's motion for new trial. *Rozell*, 176 S.W.3d at 230 ("[A] reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it.").

*Application*

The parties dispute whether Hashmi presented the motion to the trial court and whether the circumstances required the trial court to hear Hashmi's new trial motion.

We turn first to the question of presentment. Hashmi argues he presented his motion to the trial court because the motion requested a hearing, included a fiat to facilitate the setting of a hearing, and included an email from his counsel stating as follows:

> From: [Hashmi's counsel]
> Sent: Thursday, December 23, 2021 10:43 AM[3]
> To: taylor.willis@dallascounty.org; Lupe Mercado[4]
> <Lupe.Mercado@dallascounty.org>
> Subject: State of Texas v. Syed Hashmi: Cause No. F-1933675-1

---

[3] Hashmi's motion for new trial contains a file-stamp showing it was filed in the trial court on December 23, 2021, at 10:02 a.m.

[4] Citing Texas Rule of Evidence 102(a), Hashmi asks us to take judicial notice that Lupe Mercado, one of the two email recipients, was the trial court's court coordinator. Although we take no position on that request, we do assume, for purposes of this appeal, that Lupe Mercado was the trial court's coordinator, considering that the State does not dispute this and considering that the trial court's current webpage includes Lupe.Mercado@DallasCounty.org as the court coordinator's proper email address. *See* https://www.dallascounty.org/government/courts/criminal_district/court2/, last accessed Oct. 3, 2022.

Lupe:

I have filed a MNT in Mr. Hashmi's four cases. Taylor called this morning about when we would approach the judge. I will be out of town next week and Taylor leaves on January 19. We would like to get in to see the judge and to have a hearing of about an hour sometime in that window. I will be out of town the last week of December.

I am attaching the motion for new trial to this email for purposes of "presenting" the motion to the court.

The State disagrees with Hashmi's conclusion regarding presentment but does not dispute the email was sent or that it went to the trial court coordinator. The State argues Hashmi's email is evidence he attempted to present his motions for new trial via the court coordinator but argues the record lacks evidence he successfully did so. To put it in football terms, the State argues Hashmi attempted a pass but that the record does not reflect a completion.

Both parties cite various cases in support of their respective positions, some that are binding, which we discuss below, another from our Court, which is distinguishable,[5] and other cases from our sister courts. Below, we focus on the binding cases on which the parties rely.

Hashmi cites *Hobbs v. State*, 298 S.W.3d 193 (Tex. Crim. App. 2009), a case appealed from our Court, in which the court reversed our judgment because the court

---

[5] *See Hedemann v. State*, No. 05-18-00247-CR, 2019 WL 4386369, at *3–6 (Tex. App.—Dallas Sept. 13, 2019, no pet.) (prelim. op. on rehr'g) (not designated for publication) (concluding, in limited circumstances of case, that presentment to court reporter was both a good faith effort of presentment and a reasonable attempt to present the motion to the person "authorized to act on behalf of the trial court."). Unlike in this case, in *Hedemann*, the record contained information showing the court reporter responded with information, an offer of assistance, and a relevant question after receiving the email in question.

concluded the trial court abused its discretion in refusing to hold a hearing on appellant's motion for new trial when the motion was sufficient to put the trial judge on notice that reasonable grounds existed to believe appellant's jury waiver may not have been a knowing and intelligent one. *Id*. at 203. The court stated it agreed with our implicit conclusion that the appellant preserved error by ending his new trial motion "with the specific and explicit request 'that the Court grant a hearing on this Motion'" and attaching a verification affidavit to the motion that swore to the truth of the motion's statements. *Id*. at 200, n.32. Applying that language to this case, Hashmi argues we should reach a similar conclusion because his motion included both of these things as well. The State disagrees but does not distinguish or discuss *Hobbs* in its brief. *Hobbs* is not on point. *See Perez*, 298 S.W.3d at 644 n.19.[6]

The State relies, in part, on *Gardner*, 306 S.W.3d at 305, in which the court determined an appellant did not show he timely presented the motion to the trial judge or that he requested a hearing on the motion, even though he timely filed a motion, asserted facts that were not in the record, included an "Order for a Setting," and attached a "Certificate of Presentment" indicating the motion would be hand-delivered to the trial judge. *Gardner*, 306 S.W.3d at 305–06. The court stated the "Certificate of Presentment" "indicated that he intended to present" the motion but

---

[6] In *Perez*, the court stated, "The appellant's caselaw is not on point. In *Hobbs v. State*, 298 S.W.3d 193 (Tex. Cr. App. 2009), we addressed when a hearing was necessary assuming it was properly requested and presented. The issue in this case is whether or not the request for a hearing was properly presented. Holding that it was not, we do not reach whether a hearing was required under *Hobbs*."

"does not suffice to show that he actually did do so or when he did so." *Id*. at 305. Hashmi does not distinguish or discuss *Gardner* in his briefs.

The State also relies on *Carranza v. State*, 960 S.W.2d 76 (Tex. Crim. App. 1998) (en banc) (op. on pet. for discretionary review). In that case, the court determined it was not error to conclude appellant failed to present his motion for new trial to the trial court when there was nothing in the record to show appellant delivered his new trial motion to the trial court or otherwise brought the motion to the trial court's attention or actual notice of the trial court. *Id*. at 80. Although Hashmi cites *Carranza* while quoting other cases, Hashmi does not apply, distinguish, or discuss *Carranza* in his briefs.

Although neither party cites it, another binding case that analyzes a presentment question is *Perez*, 429 S.W.3d at 643–44, which was issued after the other binding cases discussed herein. In *Perez*, the appellant's new trial motion contained a prayer requesting that the trial court set the matter for hearing. *Id*. at 644. The appellant's motion also included an affidavit by his counsel stating he presented the motion for new trial and that the judge said he would "take a look" at it. *Id*. The court stated:

> The record contains no evidence that the appellant or his attorney took steps to obtain a setting or attempted to get a ruling on a request for a hearing. Given these facts, we agree with the Court of Appeals that the appellant did not preserve error. Boiler plate language in the prayer is not sufficient to put the court on notice that the appellant wants a hearing.

*Perez*, 429 S.W.3d at 644.

Here, Hashmi cites as proof of presentment the request for hearing included in his motion, the fiat that accompanied the motion, and the email sent to the trial court's coordinator. The record does not include any signature by the judge on the motion or on a proposed order and does not include any entry on the docket sheet showing presentment or the setting of a hearing date.

Under *Perez* and *Gardner*, the motion's fiat and request for hearing do not constitute presentment. *See Perez*, 429 S.W.3d at 644 (concluding boiler plate language in the motion's prayer was not sufficient to put the court on notice the appellant wanted a hearing); *Gardner*, 306 S.W.3d at 305–06 (concluding the "Order for Setting" "did not suffice as a request to hold a hearing on the motion").

Because the record must show the trial court received *actual notice* Hashmi timely filed a motion for new trial and requested a hearing on it, *see Rozell*, 176 S.W.3d at 230, under *Perez*, *Gardner*, and *Carranza*, the email to the trial court coordinator does not constitute presentment either, as the record contains nothing showing the trial court coordinator received actual notice of it. *See Perez*, 429 S.W.3d at 644 (concluding record contained no evidence appellant or his attorney took steps to obtain a setting or attempted to get a ruling on a request for a hearing, even though counsel presented an affidavit stating he presented the new trial motion and that the judge said he would "take a look" at it); *Gardner*, 306 S.W.3d at 305 (concluding certificate of presentment reflected an intent to present the motion but did not suffice to show he actually did so or when he did so); *Carranza*, 960 S.W.2d

–9–

at 80 (concluding appellant failed to present his motion for new trial to the trial court when there was nothing in the record to show appellant delivered his new trial motion to the trial court or otherwise brought the motion to the trial court's attention or actual notice of the trial court).

Based on the above cases and record before us, we conclude Hashmi failed to present his new trial motion to the trial court because the record contains no information that the trial court received actual notice Hashmi timely filed the motion for new trial and requested a hearing on it. In light of this conclusion, we need not decide whether the circumstances required a hearing. *See Perez*, 429 S.W.3d at 644 n.19 (stating court would not reach whether a hearing was required under *Hobbs* because request for hearing was not properly presented).

We overrule Hashmi's sole issue.[7]

---

[7] We do so with some hesitation, however, considering the lengths to which appellant's counsel went in his attempt to present the motion for new trial to the trial court. While we believe our decision to be consistent with the standards set forth in *Rozell* and other binding cases discussed above, we invite additional guidance from the Texas Court of Criminal Appeals on ways counsel can satisfy the standard using modern electronic communications, which are commonplace and have proliferated during the COVID pandemic. Here, it is abundantly clear from the record before us that appellant's counsel was aware of the presentment requirement and took affirmative steps in order to try to satisfy it—including going so far as to file with the clerk's office the timely request for a hearing that both sides agree was emailed to the trial court's court coordinator. Although we recognize our sister court in Tyler has twice reached a similar result in appeals involving email and fax communications to a trial court coordinator, *see McGary v. State*, No. 12-21-00115-CR, 2022 WL 1572037, at *1 (Tex. App.—Tyler May 18, 2022, no pet.) (mem. op., not designated for publication) (email communication); *Head v. State*, No. 12-08-00385-CR, 2010 WL 177779, at *2, n.1 (Tex. App.–Tyler Jan. 20, 2010, pet. ref'd) (mem. op., not designated for publication) (fax communication), to the extent those cases may be read to require that the record contain a "read receipt" of an electronic communication sent to a trial court coordinator, we decline to follow them. While we agree a "read receipt" *could* be helpful in showing actual notice, we do not read *Rozell* or other cases to *require* one to show presentment to the trial court. We are reluctant to suggest such a requirement when two of the objects of the code of criminal procedure are to "insure a trial with as little delay as is consistent with the ends of justice" and "insure a fair and impartial trial." *See* TEX. CODE OF CRIM. PROC. art. 1.03.

## CONCLUSION

We affirm the trial court's judgments.

/Ken Molberg/
KEN MOLBERG
JUSTICE

211129f.u05
211130f.u05
211131f.u05
211132f.u05
Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SYED HUMZAH HASHMI,
Appellant

No. 05-21-01129-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F19-33675-I.
Opinion delivered by Justice
Molberg. Justices Partida-Kipness
and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 26th day of October, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SYED HUMZAH HASHMI,
Appellant

No. 05-21-01130-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F19-35541-I.
Opinion delivered by Justice
Molberg. Justices Partida-Kipness
and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 26th day of October, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

SYED HUMZAH HASHMI,
Appellant

No. 05-21-01131-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F19-35542-I.
Opinion delivered by Justice
Molberg. Justices Partida-Kipness
and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 26th day of October, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

SYED HUMZAH HASHMI,
Appellant

No. 05-21-01132-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F19-35543-I.
Opinion delivered by Justice
Molberg. Justices Partida-Kipness
and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 26th day of October, 2022.