**Charles Roy LACKEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54169.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Dec. 6, 1978.

---

Tom W. Mills, Jr., Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and C. Wayne Huff, Asst. Dist. Attys., Dallas, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a habitation with intent to kidnap. Punishment was assessed by the jury at ten years.

At the outset, appellant contends, "the trial court erred in proceeding to trial without an effective waiver of indictment and therefore a void information."

The record contains an order of the trial court declaring a mistrial at a prior trial for failure of the jury to reach a verdict where appellant was tried under the same numbered information.

At the trial which resulted in the instant conviction, the record reflects the following transpired:

"THE COURT: Mr. Mills, I assume you will waive the arraignment?

"MR. MILLS: I would rather have arraignment.

"THE COURT: All right. Mr. Macaluso, will you arraign the Defendant? Read both the Affidavit and the Information.

"(Whereupon, the Defendant, Charles Roy Lackey, was arraigned on the Affidavit and Information, in open Court, out of the presence and hearing of the Jury, by Mr. Macaluso.)

"THE COURT: How do you plead?

"MR. LACKEY: Not Guilty.

"THE COURT: Let the record show that the Defendant was arraigned outside the presence of the jury and plead Not Guilty.

"Let the record also show that both the Affidavit and Information were read to the Defendant and he pled Not Guilty.

"MR. HUFF [prosecutor]: For the record, could we have the Defendant state that he does waive Indictment in this cause?

"THE COURT: He has so stated on several occasions, Counsel.

"Let's bring in the jury."

The transcription of the court reporter's notes fails to reveal anything further with reference to waiver of the right to be accused by indictment, nor do we find anything with regard to waiver of indictment in the transcript. The docket sheet reflects notations made at the first trial where a mistrial was declared, but no reference is made to waiver of indictment prior to that trial or at the trial of the instant case. The order declaring the mistrial and the judgment from which appeal is taken, both of which reflect trial was upon information, fail to show that there was a waiver of indictment.

In light of the court's remarks, we sent for the record insofar as it might relate to appellant's waiver of indictment where appellant had been tried under the same numbered information and a mistrial had resulted after the jury failed to reach a verdict. The transcription of the court reporter's notes at that trial reflects the following occurred with regard to trial of appellant upon an information:

"[THE COURT]: Let the record further show that the Defendant and his Attorney agree to go to trial on the Affidavit and information filed in F–76–27–L in lieu of an indictment filed originally in F–75–13174–ML; that this is done with the full knowledge and consent of all parties because of obvious error in the choice of names appearing in the original indictment."

The record is devoid of any response to the court's statement by either appellant or his counsel.

Article 1.141, V.A.C.C.P., provides:

"A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information."

In *King v. State,* Tex.Cr.App., 473 S.W.2d 43, after holding that waiver of an indictment is not violative of either the Texas or U. S. Constitution, this Court said:

"It is well to bear in mind that a felony information acts in lieu of or as a substitute for an indictment and *its validity is therefore essential to the court's jurisdiction.* See *Wells v. Sacks,* 115 Ohio App. 219, 184 N.E.2d 449 (1962). If an accused has not effectively waived his right to an indictment in full accordance with the statute the felony information is void. An indictment is still mandatory in absence of a valid waiver. For the waiver to be effective it must be intelligently, voluntarily and knowingly given by the accused while represented by counsel. See *Cross v. United States,* 117 U.S.App. D.C. 56, 58, 325 F.2d 629, 631 (1963). The statute provides that such waiver should be made in open court *or* by written instrument. In the instant case the waiver was entered in open court after the court had carefully advised the appellant of the nature of the charges against him and of his rights, including the right of a grand jury indictment. All of this is reflected by a transcription of the court reporter's notes. It should be remembered, however, that untranscribed notes of a court reporter can be lost or misplaced, and such notes can be legally destroyed after a full year. Article 2324, Vernon's Ann.Civ.Stat.

"To prevent the procedure permitted by Article 1.141, supra, from becoming a fertile breeding ground for future post-conviction habeas corpus applications, it would be better practice to have the written waiver executed in open court by the accused and his counsel [citation omitted], after the accused has been advised of his rights by the court. The written instrument should include an admission that the accused has been advised of his rights, and the nature of the charge; and the instrument should be filed among the papers of the cause. The docket sheet and the judgment should also reflect the fact of the waiver and the name of the accused's counsel *at the precise time of the waiver.*" [Emphasis supplied.]

The State, in its brief, urges that no error is shown for the following reasons:

"That no detriment was received by appellant is shown by three facts. First, appellant never objected to the use of the information in either case and affirmatively voiced no objection in the first trial. Second, charges were originally brought against appellant through an indictment and the information used only to comply with appellant's request for a speedy trial. Third, by pleading not guilty to the information it is obvious that the perils imagined by the framers of the constitution in requiring the presentment of an indictment did not arise, as the nature of appellant's plea was going to remain the same whether occasioned by indictment or information."

Our decisions in both *King v. State,* supra, and *Chapple v. State,* Tex.Cr.App., 521 S.W.2d 280, recognize that waiver of indictment occurs in most cases where a defendant wishes to plead guilty, but that the

**100** ▐

procedure may be utilized where a plea of not guilty is entered.[1]

Article 1.141, supra, states that, "*A person* represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment . . . ." [Emphasis supplied.] The question is then presented as to whether it is necessary for an accused to personally make an affirmative waiver of the indictment. In *Rhynes v. State,* Tex.Cr. App., 479 S.W.2d 70, and *Goodall v. State,* Tex.Cr.App., 501 S.W.2d 342, this Court held that the record must reflect the personal consent of the defendant where the jury in a felony case is allowed to separate after the charge has been read to the jury. The Court found this requirement under Art. 35.23, V.A.C.C.P., which requires "the consent of each party" for the jury to separate at such a stage of the trial. More recently, in *Decker v. State,* Tex.Cr.App., 570 S.W.2d 948, this Court held that in the absence of a showing that the defendant upon entering a plea of guilty personally agreed to punishment recommended by the prosecutor and agreed to by the defendant's attorney, the defendant could not be denied an appeal pursuant to the provisions in Art. 44.02, V.A.C.C.P. Article 44.02, supra, provides that a defendant who has pled guilty may only appeal with the permission of the trial court if the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and "agreed to by the defendant and his attorney."

 We hold that a defendant must personally waive the right to be accused by indictment and, as was stated in *King v. State,* supra, "For the waiver to be effective it must be intelligently, voluntarily and knowingly given by the accused while represented by counsel." Does a defendant waive the right to be accused by an indictment by remaining silent and voicing no objection to being tried by information?

 In *King,* we held that since a felony information acts in lieu of an indictment its validity is essential to the court's jurisdiction and that an indictment is still mandatory in the absence of a valid waiver. It follows that a personal waiver of the accused, given intelligently, voluntarily and knowingly while represented by counsel, is required before a court can obtain jurisdiction to try an accused upon an information in a felony case. Since a valid waiver is a condition precedent to the court acquiring jurisdiction, it is a matter that cannot be waived. While most rights and procedural matters may be waived, jurisdictional matters may not be. *Casias v. State,* Tex.Cr. App., 503 S.W.2d 262; *Ex parte Cannon,* Tex.Cr.App., 546 S.W.2d 266 (concurring opinion). We hold that the appellant did not waive the right to be tried by an indictment by failing to voice an objection to trial upon a felony information.

The absence of a valid waiver of trial by indictment by the appellant as required by Art. 1.141, supra, mandates reversal of this cause.

The judgment is reversed and the cause remanded.

---

1. In *Chapple v. State,* supra, it was noted:
 "The purpose of the statute is, in part, to provide the accused a speedier trial if he so desires."