David Bowen KENDELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–83–189–CR.

Court of Appeals of Texas,
Waco.

Jan. 26, 1984.

David R. Weiner, San Antonio, for appellant.

Sam D. Millsap, Jr., Crim. Dist. Atty., E. Dickinson Ryman, San Antonio, Alan E. Battaglia, Asst. Crim. Dist. Attys., for appellee.

HALL, Justice.

Pleading not guilty, appellant David Bowen Kendell was convicted after a trial before the court without a jury for the third degree felony of unauthorized use of a vehicle, V.T.C.A. Penal Code Sec. 31.07. Enhanced by an allegation in the indictment of a prior conviction for burglary in the State of Kansas, punishment was assessed by the court at confinement in the Texas Department of Corrections for twelve years.

Penitentiary records admitted into evidence shows that appellant was convicted of a burglary in Kansas upon an "amended information" in 1979. The pen packet did not contain any document reflecting that appellant had waived his right to be charged by indictment.

In his single ground of error appellant asserts that under the holding in *Lackey v. State*, 574 S.W.2d 97, 100 (Tex.Cr.App. 1978), it was necessary for the State to demonstrate that a valid waiver of indictment was made in the Kansas case. Otherwise, he argues the Kansas conviction is void and cannot be used for enhancement purposes in the case at bar.

*Lackey*, however, was a direct appeal from the primary offense. The issue in the case at bar is whether the State was obligated to affirmatively show that appellant had made a valid waiver of indictment in the prior Kansas case. This question was answered recently in the negative by the Court of Criminal Appeals in *Acosta v. State*, 650 S.W.2d 827, 828, 829 (Tex.Cr.App.1983). In *Acosta* the Court stated that any attack on an out of state conviction was collateral, and held that in

such collateral attack the burden was on the appellant to demonstrate that the prior conviction was void. The court clearly distinguished collateral attacks on indictment waivers in prior convictions from attacks on direct appeal as in *Lackey*.

■ Since appellant presented no evidence showing the Kansas conviction was void, no error is shown.

The judgment is affirmed.