NO. 07-10-00232-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
--------------------------------------------------------------------------------
NOVEMBER 30, 2011
--------------------------------------------------------------------------------

 
 BARSHA FANNER, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE
--------------------------------------------------------------------------------

 
 FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;
 
 NO. 11,293; HONORABLE DAN MIKE BIRD, JUDGE
--------------------------------------------------------------------------------

 
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 Appellant, Barsha Fanner, appeals from a conviction of aggravated assault and an enhanced sentence of forty-five years' imprisonment. He contends on appeal that he never waived his right to trial on indictment and, therefore, the felony information failed to vest the trial court with jurisdiction over the case. The State has candidly conceded error. We agree with both appellant and the State, vacate the trial court's judgment of conviction, and dismiss the cause against appellant.
 
 Factual and Procedural History
 In July 2009, appellant was charged by information with the offense of aggravated assault. He pleaded guilty to those charges in exchange for deferred adjudication community supervision for a period of eight years. In May 2010, the State moved the trial court to proceed to adjudication of guilt because, it alleged, appellant had violated a number of conditions of his community supervision. Indeed, appellant pleaded true to the State's allegations. The trial court accepted his plea and sentenced him to forty-five years' imprisonment. Appellant perfected appeal to this Court.
 Original appellate counsel filed an Anders brief. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). As is our duty in a case in which an Anders brief has been filed, we conducted an independent review of the record. See Penson v. Ohio, 488 U.S. 75, 82 - 83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). Upon our review of the record, we noted that the clerk's record reflected that appellant was originally charged by information of the felony offense of aggravated assault although there appeared to be no written waiver of indictment intelligently, voluntarily, and knowingly executed in connection with the original plea proceeding. See Tex. Code Crim. Proc. Ann. art. 1.141 (West 2005).
We deemed the apparent absence of such a waiver an "arguable issue" while leaving open the possibility that appellant may have, in fact, waived indictment by instrument or in open court outside of the record we had at that time. We abated and remanded the cause for appointment of new counsel with instructions that new appellate counsel file a brief that addressed the waiver of indictment issue and any other arguable issues that he or she may identify. Fanner v. State, No. 07-10-00232-CR, 2011 Tex. App. LEXIS 2197, at *5 - 6 (Tex.App. -- Amarillo March 25, 2011, order); see Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).
 Appellant now contends that the absence of a waiver of indictment is error upon which appellant's conviction should be vacated. The State responded by letter brief in which it dutifully conceded error in the absence of such waiver and has cited and discussed authority on the issue. After having reviewed the record and relevant authority, we find appellant's contention and the State's concession to be well taken and will vacate the trial court's judgment of conviction, dismiss the cause, and order appellant's release.
 Analysis
The Texas Constitution requires that the State obtain a grand jury indictment in a felony case unless the defendant waives that requirement. Tex. Const. art. I, § 10; see also Tex Code Crim. Proc. Ann. art. 1.05 (West 2005) ("No person shall be held to answer for a felony unless on indictment of a grand jury."); Teal v. State, 230 S.W.3d 172, 174 (Tex.Crim.App. 2007). The Texas Code of Criminal Procedure provides a specific means of waiving one's right to trial of felony charges by indictment:
A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information.
Tex. Code Crim. Proc. Ann. art. 1.141. The Texas Court of Criminal Appeals found that a waiver of indictment was valid when the appellant was represented at the time and the waiver was entered in open court after the trial court had carefully advised the appellant of the nature of the charges against him and of his rights, including the right of a grand jury indictment. See King v. State, 473 S.W.2d 43, 52 (Tex.Crim.App. 1971); see also Vester v. State, 684 S.W.2d 715, 727 (Tex.App. -- Amarillo 1983), aff'd, 713 S.W.2d 920 (Tex.Crim.App. 1986) (concluding that Article 1.141's requirements were met when waiver showed that defendant was represented by counsel, understood his rights, and waived prosecution by indictment).
Absent an indictment or valid waiver, a district court does not have jurisdiction over that case. See Teal, 230 S.W.3d at 174 - 75; see also Trejo v. State, 280 S.W.3d 258, 261 (Tex.Crim.App. 2009) (reaffirming that valid indictment, or information if indictment is waived, is essential to the district court's jurisdiction in a criminal case); Cook v. State, 902 S.W.2d 471, 476 (Tex.Crim.App. 1995) ("Jurisdiction vests only upon the filing of a valid indictment in the appropriate court."). The Texas Court of Criminal Appeals has long recognized the requirement that a defendant's right to an indictment be waived before a trial on a felony information may be proper: 
It is well to bear in mind that a felony information acts in lieu of or as a substitute for an indictment and its validity is therefore essential to the court's jurisdiction. If an accused has not effectively waived his right to an indictment in full accordance with the statute the felony information is void. An indictment is still mandatory in absence of a valid waiver. For the waiver to be effective it must be intelligently, voluntarily, and knowingly given by the accused while represented by counsel. 
King, 473 S.W.2d at 51 - 52 (citations omitted); see Lackey v. State, 574 S.W.2d 97, 100 (Tex.Crim.App. 1978) (defendant must personally waive the right to be accused by indictment). In the absence of an accused's personal, intelligent, voluntary, and knowing waiver of indictment while represented by counsel, the felony information is void, and the trial court does not have jurisdiction to try an accused upon an information in a felony case. See Lackey, 574 S.W.2d at 100; King, 473 S.W.2d at 52.
Further, while most rights and procedural matters may be waived, jurisdictional matters may not be. See Cook, 902 S.W.2d at 480; Ex parte Smith, 650 S.W.2d 68, 69 (Tex.Crim.App. 1981). The right to a grand jury indictment under state law is a waivable right, which "must be implemented by the system unless expressly waived." Woodard v. State, 322 S.W.3d 648, 657 (Tex.Crim.App. 2010) (quoting Marin v. State, 851 S.W.2d 275, 279 (Tex.Crim.App. 1993)); see Trejo, 280 S.W.3d at 263 (Keller, P.J., concurring) ("unless waived, an indictment is necessary to vest the trial court with personal jurisdiction in a felony case"). A defendant's right, under Article I, Section 10, of the Texas Constitution, to a grand jury indictment is not forfeited by the failure to object. Duron v. State, 956 S.W.2d 547, 551 n.2 (Tex.Crim.App. 1997). Again, "[i]f an accused has not effectively waived his right to an indictment in full accordance with the statute the felony information is void." King, 473 S.W.2d at 52 ; see Teal, 230 S.W.3d at 176 n.17.
We must now apply these general principles in the context of an adjudication proceeding. Generally, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken from the deferred adjudication order. See Nix v. State, 65 S.W.3d 664, 667 (Tex.Crim.App. 2001). However, under the "void judgment" exception to this rule, a defendant appealing the judgment of conviction rendered after adjudication proceedings may collaterally attack the original deferred adjudication order if that order was void. See id. at 667 - 68. One way in which the order may be void is if that order was entered without jurisdiction having vested in the trial court. See id. at 668.
Such is the case here. Being that the absence of a waiver of appellant's right to indictment results in the trial court's order in this cause being a nullity, the cause before us falls squarely within Nix's "void judgment" exception. Under the "void judgment" exception, where an original judgment imposing community supervision is void, there is no judgment imposing community supervision, and, consequently, nothing that may be revoked. See id.
Here, appellant was charged by information with aggravated assault causing serious bodily injury, a second-degree felony, for which an indictment is required absent a valid waiver of indictment. The record contains no valid waiver of indictment. On these facts, the information upon which appellant was ultimately convicted is void. Therefore, the trial court's order placing him on deferred adjudication community supervision was void, and we treat it as a nullity. See id. Consequently, there was no basis upon which the trial court could find that appellant violated the terms of community supervision and no basis upon which the trial court could adjudicate appellant guilty of aggravated assault.
 Conclusion
 We sustain appellant's point of error. We vacate the trial court's judgment, dismiss the cause against appellant, and order the release of appellant from custody based on the void judgment of conviction and commitment entered in trial court cause number 11,293 and based on the void felony information filed on July 7, 2009. See Tex. R. App. P. 43.2(e), 43.3; Rotenberry v. State, 245 S.W.3d 583, 589 (Tex.App. -- Fort Worth 2007, pet. ref'd).

 Mackey K. Hancock
 Justice

Do not publish.