

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 15, 2013

The Honorable Abel Herrero
Chair, Committee on Criminal Jurisprudence
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0993

Re: Whether an arrested person may waive the requirement that he or she be taken before a magistrate and admonished in accordance with article 15.17 of the Code of Criminal Procedure (RQ-1085-GA)

Dear Representative Herrero:

Your predecessor asked about a magistrate judge's duty to admonish an arrested person under article 15.17 of the Texas Code of Criminal Procedure. Specifically, he asked the following:

1. Whether a magistrate judge has a mandatory duty to admonish an arrested person as required by Article 15.17 of the Texas Code of Criminal Procedure irrespective of the arrested person's wishes?

2. Whether an arrested person may lawfully waive his right to be taken before a neutral magistrate and be admonished in accordance with Article 15.17?[1]

Article 15.17 provides that an arrested person must be brought before a magistrate judge within 48 hours. TEX. CODE CRIM. PROC. ANN. art. 15.17(a) (West Supp. 2012). Among other things, article 15.17(a) further states that the magistrate "*shall* inform" the person of the accusation against him and of his rights, including the right to counsel, certain rights available during official custodial interrogation, and the right to have an examining trial. *Id.* (emphasis added). In addition to the required oral admonishment, article 15.17 mandates a number of other procedures related to the processing of an arrested person.[2]

---

[1]*See* Letter from Honorable Pete P. Gallego, Chair, House Comm. on Crim. Jurisprudence, to Honorable Greg Abbott, Tex. Att'y Gen. at 2 (Sept. 24, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]*See* TEX. CODE CRIM. PROC. ANN. arts. 15.17(a) (West Supp. 2012) (magistrate shall determine whether the person is currently on bail for a separate criminal offense and, if appropriate, set the bail amount); (d) (on warrantless arrest made pursuant to article 14.051 of the Code pertaining to out-of-state "fresh pursuit" on suspicion of felony, arrestee is considered a fugitive from justice and magistrate shall notify appropriate officials pursuant to article 51.13 of the Code); (b), (d), (g) (providing certain parameters for magistrate's release of the arrested person on personal bond or without bond, depending on the circumstances).

The request letter provides that "an informal practice has emerged which involves defense counsel . . . offering to waive the necessity of taking their client before a neutral magistrate under Article 15.17, commonly referred to as 'waiving magistration,'" in order to expedite the client's release during busy periods at a county jail's booking facility. Request Letter at 1. Your predecessor expressed concerns about this practice, suggesting that "foregoing the Article 15.17 hearing" could affect other duties placed on the magistrate under article 15.17. *Id.* at 2, 5–6. Briefing submitted to this office, however, indicates that the only aspect of article 15.17 affected by the waivers at issue is the personal recitation by the magistrate to the arrestee of the rights and warnings listed in article 15.17(a).[3] In answering these questions, we assume that only the waiver of this oral recitation of rights and warnings is at issue. We express no opinion on whether any other aspects of the article 15.17 procedure may be waived.

The first question is whether article 15.17(a)'s oral admonishment requirement imposes a "mandatory duty" on the magistrate. Request Letter at 2. The Supreme Court "ordinarily construe[s] a statute so as to give effect to the Legislature's intent as expressed in its plain language." *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). Article 15.17(a) uses the word "shall" in requiring the magistrate to admonish the arrested person. TEX. CODE CRIM. PROC. ANN. art. 15.17(a) (West Supp. 2012). This office has previously concluded that the Legislature's use of the word "shall" in article 15.17 makes the duty of the magistrate to provide the required admonishments mandatory, a view which we see no reason to change. Tex. Att'y Gen. Op. No. GA-0426 (2006) at 3 (determining that all officers who are magistrates have an equal mandatory duty to provide the admonishments of article 15.17). Thus, in answer to the first question, the duty of a magistrate to admonish an arrestee under article 15.17 is mandatory in nature.

The second question is whether the oral recitation of rights and warnings by the magistrate may be waived by the arrestee. Request Letter at 2. We first note that the mandatory nature of the magistrate's duty to admonish does not necessarily mean the admonishment cannot be waived. For instance, this office has previously concluded that a prosecutor could waive his right to receive service by certified mail from a district clerk who had a mandatory duty by statute to provide service in that manner because the prosecutor was "the person intended to benefit from the service requirement." Tex. Att'y Gen. Op. No. JC-0044 (1999) at 2–3. Here, the only occurrence being waived is the oral recitation of the admonishments listed in article 15.17. The arrestee is clearly the person intended to benefit from the magistrate's admonishment. Under article 1.14(a) of the Code of Criminal Procedure,[4] a defendant in a

---

[3]*See* Letter briefing on RQ-1085-GA from the City of Austin at 6 (Dec. 7, 2012) (on file with the Op. Comm.) ("The only step in the process that does not happen when a defendant waives magistration is the defendant listening to the magistrate's recitation of rights. Regardless of the waiver, the magistrate always performs the other required duties. Just like the magistrate, the sheriff's duties are also not affected by the defendant's waiver. Before a defendant is released from jail the sheriffs run the same checks for warrants, detainers, and other pending matters that they would for a defendant who has not waived magistration. Lastly, if a represented defendant waives the admonishments, this does not change any of the party's duties under the Vienna Convention.").

[4]Your predecessor contended that the article 1.14(a) waiver provision is not dispositive because "the Article 15.17 hearing takes place pre-trial." Request Letter at 4. However, nothing in article 1.14(a) limits its application to

(continued...)

noncapital case may generally "waive *any* rights secured him by law." TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005) (emphasis added). The statute applies very broadly by its plain terms. Accordingly, the Court of Criminal Appeals has acknowledged that "most rights and procedural matters may be waived." *Ex parte Smith*, 650 S.W.2d 68, 69 (Tex. Crim. App. 1981) (citing *Lackey v. State*, 574 S.W.2d 97, 100 (Tex. Crim. App. 1978). Generally speaking, an accused in a criminal prosecution "shall have *the right* to demand the nature and cause of the accusation against him, and to have a copy thereof." TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005) (emphasis added). When a magistrate admonishes an arrestee, he informs the arrestee "of the accusation against him" and of his rights. *Id.* art. 15.17(a) (West Supp. 2012). This procedure is designed to benefit the arrestee, who has a "right" to receive the information from a magistrate and, by extension, the ability to waive that right pursuant to article 1.14(a) (West 2005).

While an arrestee has the ability under the Code of Criminal Procedure to waive the right secured to him by the requirement of oral admonishment, whether a valid waiver has occurred is a separate question. The Court of Criminal Appeals has held that a person is not deemed to have waived a right "unless he says so plainly, freely, and intelligently." *Sanchez v. State*, 120 S.W.3d 359, 366 (Tex. Crim. App. 2003). Thus, in answer to the second question, we conclude that an arrestee may waive his right to have a magistrate personally recite the admonishments of article 15.17 of the Code of Criminal Procedure only if he does so plainly, freely, and intelligently. Whether any particular waiver is effective is a matter for the magistrate to decide in each individual case.

---

rights existing at the time of trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005). It expressly applies to a defendant "in a criminal prosecution." *Id.* An article 15.17 hearing "marks the initiation of adversarial judicial proceedings," and as such it is a part of a criminal prosecution within the meaning of the article 1.14(a) waiver provision. *Pecina v. State*, 361 S.W.3d 68, 77 (Tex. Crim. App. 2012).

## S U M M A R Y

The duty of a magistrate to admonish an arrested person as required by article 15.17 of the Code of Criminal Procedure is a mandatory duty.  An arrestee may waive his right to have a magistrate orally recite the admonishments of article 15.17 of the Code of Criminal Procedure only if the waiver is made plainly, freely, and intelligently.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee