

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00169-CR

ZACHARY CLAY NORWOOD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 33663CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Zachary Clay Norwood, who had recently turned eighteen, walked into a neighbor's open garage, took a pack of cigarettes, and left. For that offense, he was charged by information with burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2). In 2022, Norwood pled guilty to the charge in exchange for receiving deferred adjudication community supervision for ten years. In its 2023 adjudication motion, the State alleged that Norwood violated the terms and conditions of his community supervision. After Norwood pled true to all of the allegations, the trial court found the allegations true, adjudicated Norwood's guilt, and sentenced him to five years' imprisonment. Norwood appeals.

In his sole point of error on appeal, Norwood argues that his felony conviction is void because he was never indicted. Because the record fails to show any valid waiver of Norwood's constitutional right to be charged by grand jury indictment, we sustain his point of error, vacate the trial court's judgment, and dismiss the case.

## I.       An Indictment Is Required in this Felony Case Absent a Valid Waiver

In general, "a defendant placed on deferred adjudication community supervision [must appeal] issues relating to the original plea proceeding" when "deferred adjudication community supervision is first imposed." *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001) (quoting *Manuel v. State*, 994 S.W.2d 658, 661, 662 (Tex. Crim. App. 1999)), *abrogated on other grounds by Wright v. State*, 506 S.W.3d 478 (Tex. Crim. App. 2016). This general rule does not apply when there is a "void judgment" that "is accorded no respect due to a complete lack of power to render the judgment in question." *Nix*, 65 S.W.3d at 667; *see Aune v. State*, No. 07-23-

00165-CR, 2024 WL 3498640, at *1 (Tex. App.—Amarillo July 22, 2024, no pet. h.); *Fanner v. State*, No. 07-10-00232-CR, 2011 WL 5983936, at *3 (Tex. App.—Amarillo Nov. 30, 2011, pet. ref'd) (mem. op., not designated for publication).

"Under art. I, § 10, a defendant has a right to have a grand jury pass upon the question of whether there is probable cause to believe that he committed a particular offense." *Duron v. State*, 956 S.W.2d 547, 550 (Tex. Crim. App. 1997) (citing TEX. CONST. art. I, § 10, interp. commentary). "The Texas Constitution requires that, unless waived by the defendant, the State must obtain a grand jury indictment in a felony case." *Teal v. State*, 230 S.W.3d 172, 174 (Tex. Crim. App. 2007) (citing TEX. CONST. art. I, § 10); *see* TEX. CODE CRIM. PROC. ANN. art. 1.05 ("No person shall be held to answer for a felony unless on indictment of a grand jury."). "Absent an indictment or valid waiver, a district court does not have jurisdiction over that case." *Teal*, 230 S.W.3d at 174–75; *see Trejo v. State*, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009); *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. [Panel Op.] 1980) (orig. proceeding) ("[I]t is well settled that a valid indictment, or information if indictment is waived, is essential to the district court's jurisdiction in a criminal case."); *King v. State*, 473 S.W.2d 43, 52 (Tex. Crim. App. 1971).[1] This "constitutional guarantee is intended to provide the accused an impartial body which can act as a screen between the rights of the accused and the prosecuting power of the

---

[1] *King* and its progeny make up Texas's "'void judgment' jurisprudence." *Walker v. State*, 594 S.W.3d 330, 339 (Tex. Crim. App. 2020). To date, in the context of a case where there is no indictment and no waiver of the right to a grand jury indictment, *King* and its progeny have not been overruled. We recognize that, in 1985, the Texas Constitution was amended to stated that "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12. That amendment changed the law such that a defect in an indictment or information would no longer render the conviction void. *See Walker*, 594 S.W.3d at 339. But, even after the 1985 amendment, the Texas Court of Criminal Appeals has repeated *King*'s language that, absent a valid waiver, an indictment is required to confer jurisdiction in a felony case. *See Teal*, 230 S.W.3d at 174–75. Because *King* and its progeny have not been expressly overruled and the Texas Court of Criminal Appeals has repeatedly cited *King* with approval for the proposition we are applying today, we are bound to follow it.

State." *Teal*, 230 S.W.3d at 175 (quoting Brian A. Kilpatrick, Comment, *The Constitutional Right to Indictment by a Grand Jury: Does It Survive after Studer v. State and the 1985 Constitutional and Statutory Amendments?*, 44 BAYLOR L. REV. 345, 345 (1992)).

## II. Norwood Did Not Waive His Right to an Indictment

Article 1.141 of the Texas Code of Criminal Procedure sets forth two ways by which an indictment can be waived for a noncapital felony. TEX. CODE CRIM. PROC. ANN. art. 1.141. The waiver may be made either "in open court or by written instrument." *Id.* An accused can be charged by information only once the proper waiver is made. *Id.*; *see King*, 473 S.W.2d at 51–52 ("It is well to bear in mind that a felony information acts in lieu of or as a substitute for an indictment and its validity is therefore essential to the court's jurisdiction."). In other words, "[i]f an accused has not effectively waived his right to an indictment in full accordance with the statute[,] the felony information is void. An indictment is still mandatory in absence of a valid waiver." *King*, 473 S.W.2d at 52; *see Lackey v. State*, 574 S.W.2d 97, 100 (Tex. Crim. App. [Panel Op.] 1978) (because a defendant must personally waive the right to be accused by indictment, silence on the record cannot be construed as a waiver).[2]

Here, the record fails to show that Norwood waived his constitutional right to a grand jury indictment.[3] As a result, the trial court's order placing him on deferred adjudication

---

[2]The State argues that defects, errors, and irregularities of form or substance are waived unless objected to under Article 1.14 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14. However, Norwood is not complaining of any defect, error, or irregularity. Instead, he is complaining of his constitutional right to be indicted by a grand jury. "The right to a grand jury indictment under state law is a waivable right, which 'must be implemented by the system unless expressly waived.'" *Woodard v. State*, 322 S.W.3d 648, 657 (Tex. Crim. App. 2010) (quoting *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)).

[3]The State agrees that "[n]o waiver of indictment was signed by [Norwood] or discussed on the record."

4

community supervision was void, and we treat it as a nullity. *See King*, 473 S.W.2d at 52; *Nix*, 65 S.W.3d at 667–68; *Teal*, 230 S.W.3d at 174–75; *see also Fanner*, 2011 WL 5983936, at *3.[4] Consequently, there was no basis upon which the trial court could find that Norwood violated the terms of his deferred adjudication community supervision and no basis upon which the trial court could adjudicate him guilty of burglary of a habitation. *See Fanner*, 2011 WL 5983936, at *3.

## III. Conclusion

We sustain Norwood's point of error. We vacate the trial court's judgment and dismiss the case. *See* TEX. R. APP. P. 43.2(e).

Charles van Cleef
Justice

Date Submitted:     August 27, 2024
Date Decided:       September 12, 2024

Do Not Publish

---

[4]The State argues that an express waiver of the right to an indictment is not required here. In support, it cites to *Ex parte Long*, a habeas proceeding where "[t]he terms of [Long's] plea bargain required [Long] to waive indictment." *Ex parte Long*, 910 S.W.2d 485, 486 (Tex. Crim App. 1995) (orig. proceeding). There, the Texas Court of Criminal Appeals denied habeas relief after writing, "[Long] does not claim that he desired and was denied the right to be charged by indictment. Nor does he claim that he did not intend to waive indictment—indeed the terms of the plea bargain would belie such a claim." *Id.* at 486–87. *Long* is distinguishable, not just because this is a direct appeal, but also because the terms of Norwood's plea agreement did not require waiver of a grand jury indictment. *See In re J.P.S.*, No. 13-24-00120-CV, 2024 WL 3199186, at *5 (Tex. App.—Corpus Christi–Edinburg June 27, 2024, no pet. h.) (mem. op.) (also distinguishing *Ex parte Long*). In fact, in a case like this one, where there was no "personal, intelligent, voluntary and knowing waiver of indictment by an accused[] while represented by counsel," the Texas Court of Criminal Appeals granted post-conviction habeas relief because, absent a valid waiver, "the trial court does not have jurisdiction to try an accused upon an information in a felony case." *Ex parte Smith*, 650 S.W.2d 68, 69 (Tex. Crim. App. 1981) (order).

5