

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00308-CR
No. 02-24-00309-CR

———————————————————

TERRY ELMO BREWSAUGH, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court Nos. 1717222, 1820709

---

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

### I. Introduction

Appellant Terry Elmo Brewsaugh pled guilty in two cases—injury to an elderly individual and evading arrest or detention with a prior evading-arrest-or-detention conviction—and the trial court sentenced him to fifteen years' confinement for the injury offense and seven years' confinement for the evading-arrest offense and set his sentences to run concurrently. In separate briefs, he appeals each conviction. We will affirm the trial court's judgments.

### II. Appellate Cause Number 02-24-00308-CR

In appellate cause number 02-24-00308-CR, the injury conviction, Brewsaugh seeks a new punishment trial, contending that he did not plead "true" to the enhancement allegation that increased his punishment range from that of a third-degree felony to that of a second-degree felony.

### A. Background

In April 2022, the State charged fifty-seven-year-old Brewsaugh with having intentionally or knowingly caused bodily injury to his wife, an elderly individual, by punching her with his fist. *See* Tex. Penal Code Ann. § 22.04(f) (stating that an offense under Subsection (a)(3) is a third-degree felony when committed intentionally or knowingly). Over a year later, on August 14, 2023, the State filed an enhancement notice in which it alleged that Brewsaugh had previously been convicted of attempted murder in 1982. *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997) ("[P]rior

2

convictions used as enhancements must be pled in some form, but they need not be pled in the indictment—although it is permissible and perhaps preferable to do so."). The enhancement, if found true, would increase the potential punishment range from third degree (2-to-10 years) to second degree (2-to-20 years). *See* Tex. Penal Code Ann. §§ 12.33–.34, .42(a).

Eight months later, Brewsaugh pled guilty to the injury offense without a plea bargain. His plea admonishments' punishment range stated two to twenty years' confinement, and in his judicial confession, he agreed that "[a]ny enhancement, habitual, or deadly-weapon allegation *in the charging instrument*, other than those waived or dismissed by the attorney representing the state, are true and correct." [Emphasis added.] He further averred, "*All other affirmative findings* made by the Court pursuant to this plea agreement *are true* and correct." [Emphasis added.] The certificate of proceedings from that date states, "OPEN PLEA WITH PSI; DEFT P/G TO COUNT 1; *REP OFF-TRUE*; DEFT TO RETURN AT A LATER DATE FOR SENTENCING." [Emphasis added.] The trial court wrote under the "Court's Findings" section of the plea paperwork, "Found enhancement ¶ true (Brooks notice filed 8-14-23)." The judgment—entered around four months later—also reflects a plea of "true" and affirmative finding of "true" to the enhancement.

Before the punishment hearing, the trial court reminded Brewsaugh that he had pled guilty and that "between the enhancements [he had] pled to and the offense, the penalty range was 2 to 20 years in prison." Brewsaugh acknowledged that this recitation

3

was correct. Before Brewsaugh testified, his counsel assessed on the record Brewsaugh's understanding that the penalty range was "2 to 20 years in prison," and Brewsaugh stated, "Yes, sir." He testified that he was ashamed of the offense against his wife, characterized it as "the worst one [he had] ever done in [his] life," and stated that he respected women and that if his aunts or grandmother were still alive, the State "wouldn't have to worry about it because they'd kill [him]." He attributed his actions to alcohol's affecting his decision-making that night.

During the prosecutor's cross-examination of Brewsaugh, when he was asked to clarify his statement that the injury offense was "the worst [offense he] ha[d] ever done in [his] life," the prosecutor asked him, "And you were saying that this is worse than the attempted murder that you pled guilty to in 1982 and received seven years TDC, correct?" Brewsaugh did not deny that conviction, stating, "There's no -- I can't put -- you know, judge those two, but morally, me being the man that I am, that I've never hit a woman in my life . . . . I love women – for me to have this charge --." He ultimately admitted that striking his wife was not the worst crime he had committed after agreeing that it was not worse than his aggravated-robbery-with-a-deadly-weapon offense, for which he had received a twenty-year sentence in 1987; his evading-arrest-with-serious-bodily-injury-or-death offense for which he pled guilty for a thirty-five year sentence in 1993; his evading-arrest-with-a-previous-conviction offense for which he received a ten-year sentence in 2004; or his evading-arrest offense for which he received a thirty-year sentence in 2013.

At the hearing's conclusion, Brewsaugh's counsel requested a sentence of ten years' deferred adjudication or "something toward the bottom" of the punishment range. The prosecutor responded that Brewsaugh had been "repeatedly sentenced to prison for serious and significant crimes" and asked for the upper range of punishment, "anywhere from 15 to 20 years." Before assessing Brewsaugh's punishment, the trial court told him that his defense attorneys had fought very hard for him but because of his criminal history, "this court could not justify giving a probated sentence despite the excellent arguments of defense." The trial court sentenced Brewsaugh to 15 years' confinement.

Brewsaugh raised no objections to the sentence at the punishment hearing, but he timely filed a new-trial motion in which, among other things, he complained that the sentence was excessive but did not make the arguments he presents on appeal. On the new-trial motion's second page, his counsel made a "request for presentment," *cf.* Tex. R. App. P. 21.6, but also stated that a hearing on the motion was not requested "at this time."

## B. Analysis

Brewsaugh now complains that his fifteen-year sentence is illegal because it exceeds the third-degree felony punishment range. *See* Tex. Penal Code Ann. § 12.34. He contends that his judicial confession did not encompass the enhancement because it was not pled in the indictment, and he challenges the evidence to link the conviction to him. He seeks a remand for new sentencing.

5

The State responds that, assuming Brewsaugh has preserved this issue, the record affirmatively reflects that he entered a plea of "true" to the enhancement notice, directing us to his judicial confession, his plea paperwork's punishment range, and his punishment-hearing acknowledgment that he understood he was facing the second-degree punishment range based on having pled to the offense and to the enhancement.

## 1. Applicable law

Rule of Appellate Procedure 44.2(c)(4) requires us to presume that the defendant pled to the indictment or other charging instrument unless the matter was disputed in the trial court or the record affirmatively shows the contrary. Tex. R. App. P. 44.2(c)(4). Further, a plea of "true" will satisfy the State's burden of proving an enhancement allegation, but there must be affirmative evidence in the record showing that the defendant entered a plea of "true." *Wood v. State*, 486 S.W.3d 583, 587–88 (Tex. Crim. App. 2016). Without such affirmative evidence, the State must prove the allegation beyond a reasonable doubt. *Id.* at 588.

In *Wood*, the defendant's indictment alleged that he had a prior conviction that— if found true—would elevate the punishment range for his charged third-degree-felony offense to that of a second-degree felony. *Id.* at 584–85. The defendant pled not guilty to the charged offense, but the record did not indicate whether he had entered a plea to the enhancement allegation. *Id.* at 585. At the bench trial, he testified that he went to prison for a controlled substance charge and had one drug conviction in the 2000s, but the State did not specifically ask him about the September 23, 2002 drug conviction

6

alleged in the enhancement. *Id.* The trial court found the defendant guilty and ordered a presentence investigation report (PSI), and the criminal docket sheet from that day had an entry stating that the enhancement was found "true." *Id.*

The trial court then stated on the record at the punishment hearing, before the presentation of any evidence, that it had found the enhancement allegation "true." *Id.* After the parties presented their punishment arguments, the trial court asked the defendant how long he "actually serve[d] on that six-year term," and the defendant replied, "The full six years." *Id.* Defense counsel then corrected him, and the defendant clarified for the trial court, "Three on parole and three" in jail. *Id.* at 585–86. The trial court sentenced him to four years' confinement, and the judgment reflected that the defendant pled "true" to the enhancement paragraph and that it was found "true." *Id.* at 586.

In the Court of Criminal Appeals, the parties disputed the applicability of the Rule 44.2(c) presumption that the defendant had pled to the indictment or other charging instrument. *Id.* at 586–88; *see* Tex. R. App. P. 44.2(c)(4). Even though the defendant had entered a plea of "not guilty" on the record, because the record was silent as to his plea to the enhancement paragraph, the State argued that the court should presume the accuracy of the judgment's entry that the defendant pled "true to repeater." *Wood*, 486 S.W.3d at 589. The court disagreed because although the judgment stated that the plea to the enhancement paragraph was "true to repeater," the rest of the record showed the contrary—that he had pled "not guilty" to the indictment, that

7

he had offered evidence at the bench trial in an attempt to refute the officer's testimony, and that he had requested probation at punishment, indicating that his guilt and punishment had been disputed at trial. *Id.* The court stated, "When we have, on the record, a plea of not guilty to the indictment, and the record shows that the defendant disputed his guilt and punishment, we will not presume that he pled 'true' to the enhancement paragraph of the indictment."[1] *Id.*

We have reviewed recitals in the judgment and the presumption of regularity under Rule 44.2(c)(4). *See Berg v. State*, No. 02-22-00177-CR, 2023 WL 5282674, at *1 (Tex. App.—Fort Worth Aug. 17, 2023, pet. ref'd) (mem. op., not designated for publication). In *Berg*, we stated that recitals in the judgment create a presumption of regularity and truthfulness absent an affirmative showing to the contrary and are binding in the absence of direct proof of their falsity, and that a silent record will not suffice as an affirmative showing and thus not overcome the presumption of regularity. *Id.* (first citing *Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim App. 2002); then citing

---

[1]Regarding preservation of error, the court further stated that it would not presume that the defendant entered a plea of "true" to the enhancement allegation when the defendant did not object to the finding—"much like we would not presume that a defendant entered a plea of guilty when he fails to object to a guilty verdict"—because the State has the burden to prove each element of the indictment. *Wood*, 486 S.W.3d at 589.

*Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984); and then citing *Lincoln v. State*, 307 S.W.3d 921, 923 (Tex. App.—Dallas 2010, no pet.)).[2]

In *Berg*, the trial court accepted the defendant's pleas of "not guilty" and "not true" before the prosecutor realized that the wrong indictment had been read. *Id.* The trial court then reviewed the re-indictment with the defendant and explained a third new misdemeanor count (along with its enhancement) before turning to other pretrial matters and without a new plea to the re-indictment. *Id.*

After the presentation of evidence, the trial court found the defendant guilty of two assaults but acquitted him of the third charge, found the habitual-offender notice true, and sentenced him. *Id.* The certificate of proceedings summarizing his pleas and the subsequent bench trial and the judgments reflected that he had pled "not guilty" to the charges; he had also indicated his desire to plead "not guilty" in his signed jury waiver, and the trial court announced that the defendant had entered pleas of "not guilty" before it found him guilty. *Id.* at *2. We concluded that he had pled to the indictment based on his burden to prove that the recitals were not true and his failure to do so from the otherwise silent record that showed that he had a trial in which issues

---

[2]In *Lincoln*, the court concluded that an appellant failed to carry her burden to show she had been convicted without the trial court's taking her plea because the judgment contained a recital to the contrary. 307 S.W.3d at 922–24; *see Harvey v. State*, 605 S.W.3d 812, 815 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing *Lincoln* for the proposition that a judgment's recitals create a binding presumption of regularity and truthfulness unless there is direct proof of their falsity).

were fully contested. *Id.* It was apparent that he had taken the position that he was not guilty when he testified that he had done nothing wrong. *Id.*

### 2. Application

Here, the judgment reflects an affirmative finding of "true" to the enhancement, notice of which was not included in the indictment but was served eight months before Brewsaugh pled guilty. *See Wood*, 486 S.W.3d at 587 (stating that a plea of "true" will satisfy the State's burden of proving an enhancement allegation).

We do not have a record of the plea hearing, but Brewsaugh's plea admonishments reflect the enhanced punishment range, and he averred that *all* other affirmative findings by the trial court were true. The trial court's certificate of proceedings and its plea paperwork stated that it found "true" the repeat-offender notice by which Brewsaugh's punishment was enhanced. And at the punishment hearing a few months later, Brewsaugh acknowledged that he had pled to the enhancement and that the applicable punishment range was two-to-twenty years, conceded his guilt, and implicitly acknowledged the 1982 attempted-murder conviction when asked to compare it to the instant offense. He raised no objections to the trial court's assessment of fifteen years during sentencing, and he did not raise this specific argument in his motion for new trial, which—in any event—does not appear to have been presented to or heard by the trial court. Accordingly, to the extent that Brewsaugh has preserved this complaint, we agree with the State that he has failed to meet his burden. *See* Tex. R. App. P. 44.2(c)(4); *Lincoln*, 307 S.W.3d at 924; *see also Berg*, 2023 WL

5282674, at *2; *cf. Wood*, 486 S.W.3d at 589 (refusing to conclude that the defendant had pled "true" to the enhancement when the record reflected that he had pled "not guilty" to the indictment and disputed his guilt and punishment at trial). We overrule his sole issue in this appeal without reaching the remainder of his arguments. *See* Tex. R. App. P. 47.1.

### III. Appellate Cause Number 02-24-00309-CR

In appellate cause number 02-24-00309-CR, the evading-arrest conviction, Brewsaugh seeks reversal of his conviction and sentence, asserting that there was no waiver of indictment.

## A. Background

Brewsaugh pled guilty to evading arrest or detention with a prior evading-arrest-or-detention conviction. *See* Tex. Penal Code Ann. § 38.04(b)(1)(A).[3] The felony information contained a jurisdictional allegation that before the commission of the instant offense, Brewsaugh had been convicted of evading arrest in 2013. It also contained an enhancement allegation that, before committing the instant offense, Brewsaugh had two prior and sequential felony convictions—one for attempted murder in 1982 and another for evading arrest in 1993.

---

[3]The State waived the second count, which alleged unauthorized use of a vehicle. *See* Tex. Penal Code Ann. § 31.07. In light of this charge bargain, we requested that the trial court review and correct the certification of Brewsaugh's right to appeal in this case, and the trial court has done so.

Brewsaugh waived the right to a record of his plea proceeding, and the certificate of proceedings from his plea hearing states, "OPEN PLEA WITH PSI; DEFT P/G TO COUNT 1; WAIVE COUNT 2; FELONY INFORMATION FILED; *INDICTMENT WAIVED*; SJF ENH 2ND-TRUE; DEFT TO RETURN AT A LATER DATE FOR SENTENCING." [Emphasis added.] The April 24, 2024 docket entry states, "Waiver of Indictment Filed; Felony Info Filed." The certificate of proceedings entered after the punishment hearing states the same information above and adds, among other things, "8/15/24: SENTENCING: TESTIMONY BEGAN; DEFT SENTENCED TO 7 YEARS TDC."

Under Brewsaugh's April 2024 judicial confession, his counsel stated that he had "fully reviewed and explained to the defendant the Court's admonishments and the defendant's statements *and waivers*" and that he was "satisfied that the defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and that the defendant will plead guilty or nolo contendere aware of the plea's consequences." [Emphasis added.] The written plea admonishments do not address a written waiver of the indictment. Under "Charging Instrument," the judgment states, "Felony Information."

## B. Analysis

Brewsaugh complains that this conviction is void because there was no waiver of indictment. The State responds that there is some evidence in the record to support that he waived his right to an indictment. We agree with the State.

12

## 1. Applicable law

Criminal jurisdiction over a person requires the filing of a valid indictment or information. *Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018). Under the Texas Constitution, a defendant has the right to be charged by indictment for felony offenses. *Perez v. State*, 429 S.W.3d 639, 641 (Tex. Crim. App. 2014). *Compare* Tex. Const. art. I, § 10 (stating that, with exceptions not applicable here, "no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment, otherwise than in the pen[i]tentiary"), *and* Tex. Code Crim. Proc. Ann. art. 1.05 ("No person shall be held to answer for a felony unless on indictment of a grand jury."), *with* Tex. Const. art. V, § 12(b) ("The presentment of an indictment *or* information to a court invests the court with jurisdiction of the cause." (emphasis added)), Tex. Code Crim. Proc. Ann. art. 1.141 (setting out procedure to waive indictment), *and Ex parte Ulloa*, 514 S.W.3d 756, 759 (Tex. Crim. App. 2017) (citing *Ex parte Long*, 910 S.W.2d 485, 486–87 (Tex. Crim. App. 1995), for the proposition that "the failure to satisfy the statutory requirements for waiving an indictment [does] not deprive the trial court of jurisdiction").

A grand jury indictment protects citizens from arbitrary accusations by the State and provides a defendant with notice of the charged offense to prepare a defense. *Perez*, 429 S.W.3d at 641. Under Code of Criminal Procedure Article 1.141, a defendant who is represented by counsel may waive indictment. Tex. Code Crim. Proc. Ann. art. 1.141. Under Article 1.141, "[a] person represented by legal counsel may *in open court* or by

13

written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information." Tex. Code Crim. Proc. Ann. art. 1.141 (emphasis added).[4]

The right to an indictment does not require an express waiver on the record. *Long*, 910 S.W.2d at 486. Because the trial court's jurisdiction vests upon presentment of an information, the appellant has the burden of showing a denial of his right to indictment, and because a failure to adhere to statutory procedures under Article 1.141—designed to safeguard constitutionally protected rights—is a statutory violation, his burden "requires a showing of harm as well as an irregularity in the trial proceedings." *Id.* at 487.

---

[4]In *King v. State*, after concluding that Article 1.141 did not violate Article I, Section 10, the Court of Criminal Appeals opined that to prevent the Article 1.141 procedure "from becoming a fertile breeding ground for future post-conviction habeas corpus applications," the better practice would be for the waiver to occur in open court *and* to be documented in writing, stating,

> [I]t would be better practice to have the written waiver executed in open court by the accused and his counsel, after the accused has been advised of his rights by the court. The written instrument should include an admission that the accused has been advised of his rights by the court . . . and the nature of the charge; and the instrument should be filed among the papers of the cause. *The docket sheet* and the judgment *should also reflect the fact of the waiver* and the name of the accused's counsel [a]t the precise time of the waiver.

473 S.W.2d 43, 51–52 (Tex. Crim. App. 1971) (emphases added and footnote omitted). The docket sheet in this case reflects the fact of the waiver.

In the absence of an accused's personal, intelligent, voluntary, and knowing waiver of indictment while represented by counsel, a felony information will be void, and the trial court will not have jurisdiction to try the accused. *Crawford v. State*, 595 S.W.3d 792, 797 (Tex. App.—San Antonio 2019, pet. ref'd) (citing *Lackey v. State*, 574 S.W.2d 97, 100 (Tex. Crim. App. [Panel Op.] 1978); *King*, 473 S.W.2d at 52). However, as a reviewing court, absent evidence of impropriety, we are required to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court. *Id.* (citing *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000)). The defendant has the burden to provide direct evidence sufficient to overcome the presumption of regularity of the formal judgment, which need not reflect a waiver of indictment. *Id.* at 797–98 (first citing *Breazeale*, 683 S.W.2d at 451, and then citing Tex. Code Crim. Proc. Ann. art. 42.01 (contents of judgment), and *Acosta v. State*, 650 S.W.2d 827, 828–29 (Tex. Crim. App. 1983)). But unlike in the appeal above in cause number 02-24-00308-CR, Rule 44.2(c) does not contain a presumption that the defendant waived his right to an indictment. *Cf.* Tex. R. App. P. 44.2(c)(4) (requiring court to presume, unless disputed in the trial court or affirmatively shown to the contrary, that the defendant pled to the indictment or other charging instrument).

## 2. Application

Brewsaugh waived the right to a record of his plea proceeding, and the certificate of proceedings from his plea hearing states, among other things, "FELONY INFORMATION FILED; *INDICTMENT WAIVED.*" [Emphasis added.] Further,

as noted above, the April 24, 2024 docket entry states, "Waiver of Indictment Filed; Felony Info Filed." The certificate of proceedings entered after the punishment hearing states the same facts, and the judgment reflects that the charging instrument was a felony information.

Under Brewsaugh's judicial confession, his counsel stated that he had "fully reviewed and explained to the defendant the Court's admonishments and the defendant's statements *and waivers*" and that he was "satisfied that the defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and that the defendant will plead guilty or nolo contendere aware of the plea's consequences." [Emphasis added.] Additionally, although the written plea admonishments do not address a written waiver of the indictment, the lack of a recording of the plea proceeding makes it impossible for Brewsaugh to show that he did not waive the indictment in open court before he pled guilty on April 24, 2024. *See* Tex. Code Crim. Proc. Ann. art. 1.141 (providing that waiver of indictment may be made in open court).[5]

---

[5]Brewsaugh's motion for new trial further muddies the waters in that it does not address the issue raised on appeal but rather asked for the judgment and sentence to be arrested or set aside "because the *indictment* in the case was fundamentally defective, did not allege an offense against the law, failed to provide notice as required by due process of law, and failed to vest the trial court with jurisdiction." [Emphasis added.] Brewsaugh asked for "the judgment *and indictment*" to be set aside or a new trial ordered. [Emphasis added.] Brewsaugh did not actually request a new-trial hearing, which might have clarified matters.

Because the record before us supports that Brewsaugh waived his right to an indictment, we overrule his sole issue in this appeal and affirm the trial court's judgment. *Cf. Ex parte Smith*, 650 S.W.2d 68, 69–70 (Tex. Crim. App. 1981) (order and opinion) (remanding first for findings under Article 1.141 when the judgment, sentence, and docket sheets did not indicate an oral or written waiver of indictment and the trial record contained no written or oral waiver of indictment and then setting aside the judgment when the findings failed to show a proper waiver).

## IV. Conclusion

Having overruled Brewsaugh's sole issue in each appeal, we affirm the trial court's judgments.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 4, 2025

17